

A CERTIFIED TRUE COPY

OCT 18 2006

FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Case 1:06-cv-11328-CM   Document 1   Filed 10/24/2006   Page 1 of 3

OCT 24 2006
S.D. OF N.Y.

06 MD 1755

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

OCT 18 2006

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE BAYOU HEDGE FUNDS INVESTMENT LITIGATION

06cv11328 (cm)

### DOCKET NO. 1755

*Travis Co. Joint Venture, et al. v. Hennessee Group, LLC, et al.,* W.D. Texas, C.A. No. 5:06-146

**BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL**

## TRANSFER ORDER

Before the Panel is a motion brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in an action in the Western District of Texas (*Travis Co.*) to vacate the Panel's order conditionally transferring *Travis Co.* to the Southern District of New York for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. Defendants[1] oppose the motion and urge inclusion of the action in the MDL-1755 proceedings.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that this action involves common questions of fact with the actions in this litigation previously transferred to the Southern District of New York, and that transfer of this action to the Southern District of New York for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of this action is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the Southern District of New York was a proper Section 1407 forum for actions with allegations concerning allegedly fraudulent activity in the operation of one or more Bayou investment funds.[2] *See In re Bayou Hedge Funds Investment Litigation*, 429 F.Supp.2d 1374 (J.P.M.L. 2006).

---

[1] Hennessee Group, LLC, Charles Gradante and E. Lee Hennessee (Hennessee defendants).

[2] Bayou Superfund, LLC; Bayou No Leverage Fund, LLC; Bayou Affiliates Fund, LLC; Bayou Accredited Fund, LLC; Bayou Offshore Fund, LLC; Bayou Fund, LLC; Bayou Offshore Fund A, LTD; Bayou Offshore Fund B, LTD; Bayou Offshore Fund C, LTD; Bayou Offshore Fund D, LTD; Bayou Offshore Fund E, LTD; Bayou Offshore Fund F, LTD; and Bayou Offshore Master Fund, LTD (collectively the Bayou hedge funds). These funds were named as defendants in one or more actions in the transferee district. Defendants in multiple actions in the MDL-1755 proceedings also include the Hennessee defendants; Bayou Group, LLC; Bayou Management, LLC; Bayou Securities, LLC; Bayou Advisors, LLC; Bayou Equities, LLC; and the Bayou hedge funds' key principals, Samuel Israel, III and Daniel E. Marino, who have pled guilty to multiple criminal counts of fraud and other charges in connection with their operation of the Bayou hedge funds.

- 2 -

Plaintiffs oppose transfer on the grounds that transfer will be inconvenient and that *Travis Co.* is different from most other MDL-1755 actions, since *Travis Co.* concerns the specific investment advice given by the Hennessee defendants. We find these contentions unpersuasive. Transfer under Section 1407 does not require a complete identity or even majority of common factual issues as a prerequisite to transfer. *See In re Zyprexa Products Liability Litigation*, 314 F. Supp. 2d 1380 (J.P.M.L. 2004). Plaintiffs' action involves substantial factual overlap with the actions already transferred. Moreover, the Hennessee defendants are already named in two of the four actions that were embraced by the Panel's initial order centralizing the MDL-1755 proceedings. Inclusion of *Travis Co.* in the MDL-1755 proceedings has the salutary effect of placing all related claims in this docket before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; and 2) allows pretrial proceedings with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues. *See, e.g., In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Colleen McMahon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

/s/ Wm. Terrell Hodges

Wm. Terrell Hodges
Chairman

**INVOLVED COUNSEL LIST**
**DOCKET NO. 1755**
**IN RE BAYOU HEDGE FUNDS INVESTMENT LITIGATION**

Brian F. Amery
Bressler, Amery & Ross
325 Columbia Turnpike
P.O. Box 1980
Morristown, NJ 07962

Bennett Falk
Bressler, Amery & Ross, P.C.
2801 SW 149th Avenue
Suite 300
Miramar, FL 33027

Marvin G. Pipkin
Pipkin, Oliver & Bradley, L.L.P.
1020 N.E. Loop 410
Suite 810
San Antonio, TX 78209

Ellen Bush Sessions
Jenkens & Gilchrist, PC
1445 Ross Avenue
Suite 3200
Dallas, TX 75202

Seagal V. Wheatley
Jenkens & Gilchrist, PC
112 East Pecan
Suite 900
San Antonio, TX 78205-1533