IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

2006 FEB 15 P 1: 40

CLERK'S DIST. COURT
OF TEXAS

TRAVIS CO. JOINT VENTURE, ROGER )
C. HILL, SR., AND BRUCE HILL, )
                                )
        Plaintiffs,             )
                                )
VS.                             )    CIVIL ACTION NO.
                                )
HENNESSEE GROUP LLC, ELIZABETH  )
LEE HENNESSEE and CHARLES J.    )
GRADANTE,                       )
                                )
        Defendants.             )

**SA06CA0146 FB**

## DEFENDANTS' NOTICE OF REMOVAL

Defendants HENNESSEE GROUP LLC, ELIZABETH LEE HENNESSEE and

CHARLES J.GRADANTE, file this notice of removal under 28 U.S.C. § 1446(a).

### A. Introduction

1.      Plaintiffs are TRAVIS CO. JOINT VENTURE, ROGER C. HILL, SR. and

BRUCE HILL ("Plaintiffs"); Defendants are HENNESSEE GROUP LLC, ELIZABETH LEE

HENNESSEE and CHARLES GRADANTE ("Defendants").

2.      On or about December 30, 2005, Plaintiffs filed their Petition against Defendants

for (1) negligence, (2) negligent misrepresentation, and (3) breach of fiduciary duty, in the 131st

Judicial District Court of Bexar County, Texas.

3.      Defendants filed this notice of removal within the 30-day time period required by

28 U.S.C. §1446(b).

SANANTONIO 454219v1 69297-00001

## B. Basis for Removal

4.      Removal is proper because there is complete diversity between the parties and a sufficient amount of money is in controversy. That is, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – . . . (2) citizens of a State and citizens or subjects of a foreign state. . . ." 28 U.S.C. §1332(a)(2).

5.      Plaintiffs are all citizens of Texas. Plaintiff TRAVIS CO. JOINT VENTURE is a "joint venture organized under the laws of the state of Texas, with its principal place of business at 5111 Broadway, San Antonio, Bexar County, Texas." (Pl.'s Original Pet. ¶ 2.). Plaintiffs ROGER C. HILL AND BRUCE HILL are "citizen[s] of the State of Texas residing in Bexar County." (Pl. Pet. ¶¶ 3-4).

6.      None of the Defendants are citizens of Texas. Defendant HENNESSEE GROUP LLC is a limited liability corporation organized under the laws of New York with its principal place of business at 500 Fifth Avenue, 47th Floor, New York, New York 10110. Defendants ELIZABETH LEE HENNESSEE and CHARLES GRADANTE are citizens of the state of New York.

7.      The amount in controversy exceeds $75,000, excluding interest, costs, and attorney fees. Although the Complaint does not specifically identify the monetary relief sought, Plaintiffs Petition states that Defendants invested approximately $5 million in the challenged hedge fund and that Plaintiffs realized "significant losses on their investment." (Pl. Pet. At ¶¶ 20, 23).

8.      All Defendants consent to the removal of this case to federal court.

2

9.     All pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. §1446(a).

10.     Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removal action has been pending.

11.     Defendant will file promptly a copy of this notice of removal with the clerk of the state court where the action has been pending.

12.     No admissions of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions are hereby reserved.

### C.  Jury Demand

13.     Plaintiffs did not demand a jury in the state court action.

### D.  Conclusion

14.     This matter is properly removed to this United States District Court for the Western District of Texas San Antonio Division for the reasons stated above.


Respectfully submitted,

JENKENS & GILCHRIST
A Professional Corporation


By:_____
       SEAGAL V. WHEATLEY
       Jenkens & Gilchrist, P.C.
       112 East Pecan, Suite 900
       San Antonio, Texas 78205
       Telephone:  210-246-5000
       Fax:  210-246-5999

3

ELLEN SESSIONS
Jenkens & Gilchrist, P.C.
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Telephone: 214-855-4500
Fax: 214-855-4300

Attorneys for Defendants HENNESSEE
GROUP LLC, ELIZABETH LEE
HENNESSEE AND CHARLES
GRADANTE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record by certified mail, return receipt requested, on this _15_ day of February, 2006:

Stephen Allison
Jeffrey Prince
Attorneys at Law
HAYNES & BOONE, LLP
112 East Pecan Street, Suite 1600
San Antonio, Texas 78205-1540

Brian D. Hail
Attorney at Law
HAYNES & BOONE, LLP
153 East 53rd Street, Suite 4900
New York, New York 10022

SEAGAL V. WHEATLEY

4

# The State of Texas



Citations Unit
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-6616
TTY (800) 735-2989
www.sos.state.tx.us

## Secretary of State

Ans. due 2/20

January 25, 2006

Hennessee Group LLC
500 Fifth Avenue
47th Floor
New York, NY 10110

> **2006-116762-3**
> Include reference number in
> all correspondence

RE: Travis Co Joint Venture et al VS Hennessee Group LLC et al
131st Judicial District Court Of Bexar County, Texas
Cause No: 2005CI20219

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt
requested, a copy of process received by the Secretary of State of the State of Texas on
January 17, 2006.

CERTIFIED MAIL #71603901984905812436

Refer correspondence to:

Jeffrey C Prince
Haynes and Boone LLP
112 East Pecan Street
Suite 1600
San Antonio, TX 78205-1540

Sincerely,

Helen Lupercio

Helen Lupercio
Supervisor, Citations Unit
Statutory Documents Section

hl/vb
Enclosure

PRIVATE PROCESS

"The State of Texas"          NO. 2005-CI-20219

TRAVIS CO JOINT VENTURE ET AL
Plaintiff
vs.

HENNESSEE GROUP LLC ET AL
Defendant
( Note: Attached Document May Contain Additional Litigants. )          **NOTICE**

IN THE DISTRICT COURT

131st JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

**Citation** Directed to:  HENNESSEE GROUP LLC
                            BY SERVING THE SECRETARY OF STATE

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 30th day of December , 2005 .
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 9th DAY OF January A.D., 2006 .

ORIGINAL PETITION

JEFFREY C PRINCE
Attorney/ PLAINTIFF
address  112 E PECAN ST 1600
         SAN ANTONIO, TX 78205-1517

MARGARET G. MONTEMAYOR
District Clerk of Bexar County, Texas
Bexar County Courthouse
San Antonio, Texas 78205
By: Rene T Delgado Deputy
RENE DELGADO

---

OFFICER'S RETURN

Came to hand _____ day of _____, A.D. _____, at _____ o'clock _____.M.
and executed (not executed) the _____ day of _____, A.D. _____, in _____
at _____ o'clock _____.M. by delivering to _____
in person a true copy of this citation together with the accompanying copy of plaintiff's
petition. Served at _____
Cause of failure to execute this citation _____
I traveled _____ miles in the execution of this citation. Fees: _____ Serving citation
$ _____ Mileage _____ Total $ _____
          Badge/PPS # _____     _____
                                    _____ County, Texas
                         By _____

The State of Texas

NON - PEACE OFFICER VERIFICATION
vERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)
SWORN TO this _____ day of _____, _____

_____
NOTARY PUBLIC, STATE OF TEXAS

116762 -3

RECEIVED
SECRETARY OF STATE
JAN 17 2006
CITATIONS UNIT

ORIGINAL
(DK002)

# The State of Texas



Citations Unit
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-6616
TTY (800) 735-2989
www.sos.state.tx.us

### Secretary of State

January 25, 2006

Elizabeth Lee Hennessee
500 Fifth Avenue
47th Floor
New York, NY 10110

> **2006-116762-2**
> Include reference number in
> all correspondence

RE: Travis Co Joint Venture et al VS Hennessee Group LLC et al
131st Judicial District Court Of Bexar County, Texas
Cause No: 2005CI20219

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of process received by the Secretary of State of the State of Texas on January 17, 2006.

CERTIFIED MAIL #71603901984905812443

Refer correspondence to:

Jeffrey C Prince
Haynes and Boone LLP
112 East Pecan Street
Suite 1600
San Antonio, TX 78205-1540

Sincerely,

*Helen Lupercio*

Helen Lupercio
Supervisor, Citations Unit
Statutory Documents Section

hl/vb
Enclosure



PRIVATE PROCESS

"The State of Texas"          NO. 2005-CI-20219

TRAVIS CO JOINT VENTURE ET AL
Plaintiff
vs.

HENNESSEE GROUP LLC ET AL
Defendant
( Note: Attached Document May Contain Additional Litigants. )      **NOTICE**

IN THE DISTRICT COURT

131st JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

**Citation** Directed to:  ELIZABETH LEE HENNESSEE
                            BY SERVING THE SECRETARY OF STATE

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 30th day of December , 2005 .
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 9th DAY OF January A.D., 2006 .

ORIGINAL PETITION

JEFFREY C PRINCE
Attorney/PLAINTIFF
address  112 E PECAN ST 1600
         SAN ANTONIO, TX 78205-1517

MARGARET G. MONTEMAYOR
District Clerk of Bexar County, Texas
Bexar County Courthouse
San Antonio, Texas 78205

By:_____ Deputy
     RENE DELGADO

---

### OFFICER'S RETURN

Came to hand _____ day of _____, A.D. _____, at _____ o'clock _____.M.
and executed (not executed) the _____ day of _____, A.D. _____, in _____
at _____ o'clock _____.M. by delivering to _____
in person a true copy of this citation together with the accompanying copy of plaintiff's
petition. Served at _____
Cause of failure to execute this citation _____
I traveled _____ miles in the execution of this citation. Fees: _____. Serving citation
$ _____ Mileage _____ Total $ _____
         Badge/PPS #_____        _____
                                     _____ County, Texas
                                  By _____
                                                                    RECEIVED
                                                                    SECRETARY OF STATE

The State of Texas

VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)      NON - PEACE OFFICER VERIFICATION    JAN 1 7 2006
SWORN TO this _____ day of _____, _____

CITATIONS UNIT

116762 -2  NOTARY PUBLIC, STATE OF TEXAS

ORIGINAL
(DK002)

# The State of Texas



Citations Unit
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-6616
TTY (800) 735-2989
www.sos.state.tx.us

### Secretary of State

January 25, 2006

Charles J Gradante
500 Fifth Avenue
47th Floor
New York, NY 10110

| 2006-116762-1 |
| Include reference number in all correspondence |

RE:  Travis Co Joint Venture et al VS Hennessee Group LLC et al
     131st Judicial District Court Of Bexar County, Texas
     Cause No: 2005CI20219

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of process received by the Secretary of State of the State of Texas on January 17, 2006.

CERTIFIED MAIL #7160390198490581 2450

Refer correspondence to:

Jeffrey C Prince
Haynes and Boone LLP
112 East Pecan Street
Suite 1600
San Antonio, TX 78205-1540

Sincerely,

Helen Lupercio

Helen Lupercio
Supervisor, Citations Unit
Statutory Documents Section

hl/vb
Enclosure

PRIVATE PROCESS

"The State of Texas"                    NO. 2005-CI-20219

TRAVIS CO JOINT VENTURE ET AL
Plaintiff
vs.

HENNESSEE GROUP LLC ET AL
Defendant
( Note: Attached Document May Contain Additional Litigants. )          **NOTICE**

IN THE DISTRICT COURT

131st JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

**Citation** Directed to:  CHARLES J GRADANTE
                           BY SERVING THE SECRETARY OF STATE

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 30th day of December, 2005.
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 9th DAY OF January A.D., 2006.

ORIGINAL PETITION

JEFFREY C PRINCE
Attorney/PLAINTIFF
address 112 E PECAN ST 1600
        SAN ANTONIO, TX 78205-1517

MARGARET G. MONTEMAYOR
District Clerk of Bexar County, Texas
Bexar County Courthouse
San Antonio, Texas 78205

By: _____
    RENE DELGADO

---

## OFFICER'S RETURN

Came to hand _____ day of _____, A.D. _____, at _____ o'clock _____.M.
and executed (not executed) the _____ day of _____, A.D. _____, in _____
at _____ o'clock _____.M. by delivering to _____
in person a true copy of this citation together with the accompanying copy of plaintiff's petition. Served at _____
Cause of failure to execute this citation _____
I traveled _____ miles in the execution of this citation. Fees: _____ Serving citation
$ _____ Mileage _____ Total $ _____
          Badge/PPS #_____        _____
                                      _____ County, Texas
                                      By _____

The State of Texas
                           NON - PEACE OFFICER VERIFICATION
VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)
SWORN TO this _____ day of _____, _____

116762          NOTARY PUBLIC, STATE OF TEXAS

RECEIVED
SECRETARY OF STATE
JAN 17 2006
CITATIONS UNIT

ORIGINAL
(DK002)





No. 2005CI20219

| | | |
|---|---|---|
| TRAVIS CO. JOINT VENTURE, ROGER C. HILL, SR., AND BRUCE HILL | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| | § | |
| vs. | § | JUDICIAL DISTRICT |
| | § | |
| HENNESSEE GROUP LLC, ELIZABETH LEE HENNESSEE and CHARLES J. GRADANTE, | § | BEXAR COUNTY, TEXAS |
| | § | |
| *Defendants*. | § | |

## ORIGINAL PETITION

**TO THE HONORABLE DISTRICT COURT JUDGE:**

Travis Co. Joint Venture, a joint venture organized under the laws of Texas, Roger C. Hill, Sr., a Texas resident, and Bruce Hill, a Texas resident, (the "Plaintiffs"), file this their Original Petition against Hennessee Group LLC, Elizabeth Lee Hennessee and Charles J. Gradante ("Defendants") and, in support hereof, respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.     Plaintiffs intend that discovery in this case shall be controlled by a Level II Discovery Control Plan pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, and affirmatively plead that Plaintiffs seek monetary relief aggregating more than $50,000.

### II.
### PARTIES

2.     Plaintiff Travis Co. Joint Venture ("Travis Co.") is a joint venture organized under the laws of the state of Texas, with its principal place of business at 5111 Broadway, San Antonio, Bexar County, Texas.

ORIGINAL PETITION
S-152120_1.DOC

Page 1

3.     Plaintiff Roger C. Hill, Sr., is a citizen of the State of Texas residing in Bexar County.  At the time of the facts alleged herein Roger Hill was the General Partner of Travis Co.

4.     Plaintiff Bruce Hill is a citizen of the State of Texas residing in Bexar County.  At the time of the facts alleged herein Bruce Hill was a member of Travis Co.

5.     Defendant Hennessee Group LLC ("Hennessee Group") is a limited liability corporation incorporated under the laws of the State of New York and having its principal place of business at 500 Fifth Avenue, 47th Floor, New York, New York 10110.  Hennessee reported to the SEC that it primarily conducts its advisory business under the name of Hennessee Hedge Fund Advisory Group.

6.     Defendant Elizabeth Lee Hennessee ("Hennessee") is a citizen of the State of New York and is a Managing Principal and a control person of Hennessee Group.  Hennessee maintains an office at the offices of the Hennessee Group at 500 Fifth Avenue, 47th Floor, New York, New York 10110.

7.     Defendant Charles Gradante ("Gradante") is a citizen of the State of New York and is a Managing Principal and a control person of Hennessee Group.  Gradante maintains an office at the offices of the Hennessee Group at 500 Fifth Avenue, 47th Floor, New York, New York 10110.

### III.
#### JURISDICTION AND VENUE

8.     Jurisdiction over the subject matter of this suit is proper in this Court because the amount in controversy, exclusive of interest and costs, exceeds the minimum jurisdictional limits of this Court.

9.     Personal jurisdiction exists over Defendants because Defendants purposefully availed themselves of the privilege of conducting business in the State of Texas by affirmatively

soliciting investments from, accepting fees from, and providing investment advice to Texas residents and entities, including Plaintiffs.

10.     Venue is proper in this county under Tex. Civ. Prac. & Rem. Code § 15.002(a)(1) in that this is a suit in which all or a substantial part of the events or omissions giving rise to the claims occurred in Bexar County, Texas.  In the alternative, venue is proper in this county under Tex. Civ. Prac. & Rem. Code § 15.002(a)(4) because Plaintiffs resided in Bexar County at the time of the accrual of the Plaintiffs' causes of action.

## IV.
### BACKGROUND

11.     Travis Co. invests in various securities on behalf of its members and partners, who include, among others, Roger Hill and his family, including Bruce Hill.

12.     To achieve their investment goals Plaintiffs have when necessary engaged the services of independent advisors.  One such advisor is Hennessee Group, and the principals at Hennessee Group, Gradante and Hennessee.

13.     Defendants assured Plaintiffs that Hennessee Group was highly qualified to advise Plaintiffs as to potential investment opportunities.    Relying on Defendants' representations that Hennessee Group had the expertise and would exercise the diligence that it touted, Plaintiffs employed Defendants' services and relied on Defendants' advice in making significant investment decisions.

14.     Hennessee Group holds itself out as to potential clients as "your strategic partner in hedge fund investing."   In materials provided to potential clients and in other public statements, Hennessee Group claimed that:

a. The Hennessee Group's clients trust the Hennessee Group to establish realistic investment objectives and develop diversified hedge fund portfolios.

b. The Hennessee Group has the expertise to help their clients make informed decisions about the highly complex, highly specialized investment choices. By carefully considering each strategic investment opportunity, the Hennessee Group was able to navigate a course of action that balances risk and return among a well diversified hedge fund portfolio, and that was their core business.

c. The Hennessee Group's core competencies were: (1) hands on trading and risk management expertise, (2) depth of proprietary research and due diligence, (3) setting and achieving realistic client objectives.

d. The Hennessee Group's disciplined approach to investment consulting was designed to build and manage wealth through consistency of returns, while managing risk.

e. The Hennessee Group was particularly proud of the Hennessee Group's extensive proprietary research that shaped the outcome of their portfolio origination process. Those managers that pass the Hennessee Group's screen undergo extensive analysis of their organization, its personnel, management continuity, investment philosophy and performance history, and risk management. The Hennessee Group's due diligence process paid particular attention to each manager's downside volatility and risk control techniques as the Hennessee Group sought to preserve capital without sacrificing upside potential.

f. The Hennessee Group had a disciplined due diligence approach that encompassed not only researching the quantitative aspects before investing, but the qualitative aspects as well. The Hennessee Group's proprietary process took a unique in-depth evaluation of the components of the hedge fund manager's organization, its

culture and philosophy, size and growth patterns from capital to people. The Hennessee Group then navigated the details of style and trading strategy (including downside risk management) used by the manager. As an added element of supervision, the Hennessee Group's Investment Committee reviewed each step of the Hennessee Group research team's due diligence process.

15.     None of the Hennessee Group, Gradante or Hennessee is registered with the State of Texas or Texas State Securities Board as persons offering to sell securities or as persons rendering investment advice. The Hennessee Group's most recent Form ADV filed with the United States Securities and Exchange Commission also does not list Texas under Item 2 (b) as a state that should receive notice filings of the Hennessee Group's Form ADV and SEC registration statement. The Hennessee Group further represented to the SEC that its business was to "furnish investment advice through consultations." The Bayou Fund securities recommended by Defendants for purchase by Plaintiffs were also not registered with the Texas State Securities Board.

16.     Persuaded that Defendants possessed the expertise it claimed and would exercise the diligence that it touted, Roger Hill entered into an Investment Advisory Agreement on behalf of himself and all other entities who may invest in hedge funds for which Roger Hill is authorized to make investments in hedge funds, including Plaintiffs, with the Hennessee Group in April 2001. Gradante executed the Investment Advisory Agreement on behalf of the Hennessee Group.

17.     Pursuant to that Advisory Agreement, Defendants agreed (a) to perform search, evaluation, selection and introduction services for Plaintiffs; (b) to introduce Plaintiffs to one or more hedge funds that Defendants believed would be appropriate investment vehicles for

Plaintiffs; (c) to provide continuous and ongoing performance monitoring of the any investments made pursuant to Defendants' recommendations; and (d) to provide Plaintiffs with highly confidential information, research and analyses it compiles about numerous hedge funds. Plaintiffs agreed to pay fees to Defendants in exchange for these services. Some or all of the fees to be paid by Plaintiffs were paid to Defendants or their affiliates by the Bayou Fund. It has also been reported that Bayou Fund separately compensated hedge fund advisors that recommended their clients invest in the Bayou Fund.

18.     Beginning in early 2002, Defendants advised Plaintiffs to purchase securities issued by the Bayou Group, a group of hedge funds managed by an organization based in Stamford, Connecticut. Plaintiffs purchased securities in the Bayou Super Fund (the "Bayou Fund"), and may have purchased other funds managed by the Bayou Group as well. Defendants encouraged Plaintiffs to invest in the Bayou Fund despite the fact that Defendants had not conducted thorough due diligence into the Bayou Fund's performance or management. In addition, Defendants omitted material facts concerning the Bayou Fund's performance and management that would have materially impacted Plaintiffs' decision to invest in the Bayou Fund.

19.     In 2002 and 2003, Defendants advised Plaintiffs that an investment in Bayou Fund was an appropriate and recommended investment choice for Plaintiffs. In making its recommendation, Defendants represented that it had investigated Bayou Fund and that Bayou Fund had passed Defendants' supposedly rigorous due diligence process and were appropriate investments for Plaintiffs.

20.     Plaintiffs trusted that Defendants would act in Plaintiffs' best interest and perform the investment services in the manner in which they had agreed upon. Thus, in reliance upon

Defendants' advice, expertise, and representations, Plaintiffs invested approximately $5 million

dollars into the Bayou Fund, with the first purchase being on January 1, 2003.

21.     In connection with advising Plaintiffs to invest in the Bayou Fund, Defendants

made untrue statements of material fact and failed to disclose material facts necessary in order to

make the statements made, in light of the circumstances under which they were made, not

misleading.  Defendants either knew these facts or should have known these facts given that they

could have discovered these facts with minimal due diligence.  Thus, the failure to disclose these

facts was either intentional or reckless.  Among the many facts that Defendants omitted to

disclose to Plaintiffs that would have revealed that the Bayou Fund was not an appropriate

investment for Plaintiffs included:

> a.  Defendants had not in fact conducted thorough due diligence on the Bayou
>     Group, Sam Israel, Daniel E. Marino, or the Bayou Fund.
>
> b.  The purported investment performance results for Bayou Fund had been falsified.
>
> c.  Within a few months after the Bayou Group began operations, the Bayou Group's
>     funds sustained trading losses, and Sam Israel and Bayou's Chief Financial
>     Officer Daniel E. Marino ("Marino") began lying to the Bayou Group's investors
>     about the Bayou Group's funds' performance.
>
> d.  In December 1998, the Bayou Group's activities could not withstand an
>     independent audit, so Israel, Marino, and one or more others decided to dismiss
>     the independent auditing firm that audited the results of the Bayou Group funds
>     and to begin fabricating auditor's reports, financial statements, and performance
>     summaries.

e.  Pursuant to that plan, Marino created a phony accounting firm, called "Richmond-Fairfield Associates," to pose as an independent certified public accounting firm that was auditing and certifying the financial statements of the Bayou Group's funds.

f.  Richmond-Fairfield Associates performed no audits at all, independent or otherwise.

g.  Marino was the creator, agent, and principal of Richmond-Fairfield Associates and publicly identified as being affiliated with the firm, and therefore Richmond-Fairfield Associates could not have been independent from the Bayou Group or the Bayou Group's funds even if it had been a bona fide firm.

h.  Although the Bayou Group's funds lost millions of dollars each year through 2002, Israel and Marino created and distributed false performance summaries and false financial statements that purportedly had been, but had not in fact been, audited by Richmond-Fairfield Associates, all reflecting that the Bayou Group's funds were earning profits.

i.  Hertz, Herson & Company, LLP did not audit the Bayou Fund in 2002.

j.  Israel had falsified the resume information, and he had never in fact been head trader at, or a partner of, Omega Advisors.

22.  Plaintiffs did not know the facts that Defendants misrepresented and failed to disclose.  In fact, Plaintiffs had no reason to investigate Bayou Fund any further because they relied on Defendants to act in their best interest.  They trusted that Defendants had taken the steps that they had agreed to take before providing any advice or making an investment recommendation to Plaintiffs.

23.     The Bayou Fund and the other Bayou Group funds have subsequently been exposed as hedge funds rife with deception, fraud and theft.  The Bayou Fund principals recently pled guilty to various crimes, and the Bayou Fund has suffered significant losses.  As an investor in Bayou Fund, Plaintiffs have suffered significant losses on their investment, and seek compensation thereby.

## V.
### CAUSES OF ACTION

### COUNT 1: BREACH OF FIDUCIARY DUTY

24.     Plaintiffs incorporate by reference the allegations in paragraphs 1 through 23.

25.     Defendants owed fiduciary duties to Plaintiffs, including the duty to investigate the securities sufficiently to know their nature, price and financial prognosis and the duty to refrain from any self dealing or other undisclosed interest in dealings with Plaintiffs.

26.     Defendants breached their fiduciary duties by, among other things, recommending Bayou Fund and not disclosing the extent of the Hennessee Group's total economic interest and compensation in Bayou Fund from Plaintiffs' investments and other investors' investments in Bayou Fund who were directed to Bayou Fund by Defendants.

27.     Plaintiffs have sustained damages as a result of the Defendants' breaches of fiduciary duty.

### COUNT 2: NEGLIGENT MISREPRESENTATION

28.     Plaintiffs incorporate by reference the allegations in paragraphs 1 through 23.

29.     Defendants made representations in the course of their business about Bayou Fund and the appropriateness of Plaintiffs' investment in that Fund.

30.   Defendants' representations supplied false information for the guidance of others in their business.

31.   Defendants did not exercise reasonable care or competence in obtaining or communicating the information to Plaintiffs.

32.   Plaintiffs relied on Defendants' negligent misrepresentations and suffered damages as a result.

### COUNT 3: NEGLIGENCE

33.   Plaintiffs incorporate by reference the allegations in paragraphs 1 through 23.

34.   Defendants owed Plaintiffs a duty of care.

35.   Defendants breached this duty of care.

36.   Defendants' breach proximately resulted in damage to Plaintiffs. Defendants' negligence was a proximate cause of damages suffered by Plaintiffs.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court enter a final judgment in this action granting them the following:

1)   actual damages;

2)   attorneys' fees;

3)   prejudgment and postjudgment interest;

4)   costs of court; and

5)   all other relief to which Plaintiffs may be entitled in law or in equity.

Respectfully submitted,

HAYNES AND BOONE, LLP
112 East Pecan Street, Suite 1600
San Antonio, Texas 78205-1540
Telephone:    (210) 978-7000
Telecopier:   (210) 978-7450


_Jeffrey C Prince_

Stephen P. Allison
State Bar No. 01091500
Jeffrey C. Prince
State Bar No. 00794993

Brian D. Hail
State Bar No. 00797808
HAYNES AND BOONE, LLP
153 East 53rd Street, Suite 4900
New York, New York 10022
Telephone:    (212) 659-7300
Telecopier:   (212) 918-8989

ATTORNEYS FOR PLAINTIFFS

Cause Nbr 2005CI20219 displayed successfully
         ***** Bexar County Centralized Docket System *****
02/15/2006                  - Docket Information -                10:07:47
_____
Selection: __   Actions: _ (A,C,D,M,P)
CASE NBR: 2005CI20219____           PRINT RT LABELS?  N (Y/N)

Date Filed: 12/30/2005     Court: 131_     Unpaid Balance:      0.00
Type of Docket: DM___ DAMAGES

                    * * * S T Y L E * * *
         TRAVIS CO JOINT VENTURE ET AL_____
         VS HENNESSEE GROUP LLC ET AL_____

Discovery Level: 2
    Account Type: __              Account Number: _____
          Access: __  PUBLIC      Status: P PENDING
       List Type: C  CIVIL
Remarks: CONNIE_____
         _____
_____
Last Update: 12/30/2005 1607 DC29 14295 Entry Info: 12/30/2005 1607 DC29 14295
Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
confm help  retrn main       build              print BI   LI   quit


Proceeding(s) for Cause Nbr 2005CI20219 displayed successfully
         ***** Bexar County Centralized Docket System *****
02/15/2006                - Proceeding Information -              10:08:22
_____
Selection: __   Case Nbr: 2005CI20219____   Qualifier _____
   Style: TRAVIS CO JOINT VENTURE ET AL vs HENNESSEE GROUP LLC ET AL
   Court: 131    Docket Type: DAMAGES                     Status: PENDING
Actions:(A,M,P)          Unpaid Balance:     0.00  Account Number:
    Seq  Date Filed      Reel      Image    Page Cnt
 _  00001 12/30/2005
    DESC: PLAINTIFF'S ORIGINAL PETITION
 _  00002 01/04/2006
    DESC: SERVICE ASSIGNED TO CLERK 1
 _  00003 01/04/2006
    DESC: SERVICE ASSIGNED TO CLERK 1
 _  00004 01/04/2006
    DESC: REQUEST FOR
       3 CIT CML SOS
                    *** End of Data ***


Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
    help  retrn main  add  build top  bkwrd frwrd bot      SI   TI   quit