IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2006 APR 24 P 3: 11
CLERK, U.S. DIST COURT
[WESTERN DIST] TEXAS
BY _____

| | |
|---|---|
| TRAVIS CO. J.V., ROGER C. HILL, SR., and CHRISTOPHER HILL, | ) ) ) ) |
| Plaintiffs, | ) ) |
| VS. | ) CIVIL ACTION NO. SA-06-CA-0146-FB ) ) |
| HENNESSEE GROUP, LLC, ELIZABETH LEE HENNESSEE and CHARLES J. GRADANTE, | ) ) ) ) |
| Defendants | ) ) |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS IN LIGHT OF THE
CONSOLIDATION OF ALL BAYOU RELATED CASES IN THE
<u>SOUTHERN DISTRICT OF NEW YORK</u>**

Defendants Hennessee Group, Charles Gradante and Elizabeth Lee Hennessee ("Defendants") hereby file their Motion to Stay Proceedings in Light of the Consolidation of all Bayou Related Cases in the Southern District of New York and, in support thereof, state as follows:

1. On or about November 17, 2005, the Broad-Bussel Family Limited Partnership, Marie Louis Micholsohn, Michelle Micholsohn and Herbert Blaine Lawson, Jr. filed a Class Action Complaint in the District of Connecticut against multiple defendants, including Bayou Group, LLC, Bayou Management, LLC, several Bayou operated hedge funds, Samuel Israel III, Daniel Marino, Hennessee Group LLC, Charles Gradante, Elizabeth Lee Hennessee, Sterling Stamos Capital Management and other individual and corporate defendants ("Class Action Complaint"). The allegations in the Class Action Complaint relate to the class plaintiffs'

investment in various hedge funds managed by Bayou Management, LLC.

2. On or about December 29, 2005, "The Broad-Bussel Plaintiffs' Motion To Transfer Related Cases And For Coordination Of Pretrial Proceedings In A Single Forum Under 28 U.S.C. § 1407" was filed before the Judicial Panel on Multidistrict Litigation ("JPMDL"), MDL Docket No. 1755. That filing sought to have four lawsuits (in addition to any other currently/subsequently filed federal court actions), all of which involve allegedly fraudulent statements about the Bayou Fund, transferred to the United States District Court for the District of Connecticut "for coordination of pretrial proceedings in a single forum." Among the cases sought to be transferred were two cases in which Defendants were named parties.

3. At the time that the above-referenced motion was filed with the JPMDL, Plaintiffs had not yet filed their Complaint. On December 30, 2005, Plaintiffs filed their Complaint in Texas state court. On February 15, 2006, Defendants timely removed this action to federal court, making the case eligible for consolidation as a "tag along" action under JPMDL Rule 7.4; see generally § 1407. Thereafter, Plaintiffs filed their First Amended Complaint, purporting to allege various causes of action relating to Plaintiffs' investment in the Bayou hedge funds.

4. After removing this case to federal court, the undersigned informed Plaintiffs' predecessor counsel of record, Brian Hail, of the motion for consolidation pending before the JPMDL. However, Mr. Hail did not enter an appearance before the JPMDL and did not otherwise indicate whether Plaintiffs intended to object to the consolidation.

5. On or about April 18, 2006, the JPMDL entered an Order, transferring the four Bayou related lawsuits referenced above, to the Southern District of New York for, at the very least, pretrial purposes. See JPMDL Transfer Order, attached hereto as Exhibit A ("Order"). Although the Broad-Bussel Plaintiffs requested that the cases be consolidated in the District of

Connecticut, the JPMDL ultimately consolidated the cases before Judge Colleen McMahon in the Southern District of New York.

6. Now that consolidation of the Bayou related cases has been ordered by the JPMDL, Defendants feel that it is appropriate and necessary to inform this Court of the ruling and request a stay of the present action. As a potential "tag along" action, Defendants intend to petition the clerk of the JPMDL, requesting an Order transferring this case to the Southern District of New York for, at the very least, pretrial purposes. Although Plaintiffs are entitled to oppose the transfer of this action to the Southern District of New York, Defendants feel strongly that Plaintiffs objections will be denied.[1]

7. Pursuant to this Court's Order, dated February 23, 2006, the parties are required to submit their proposed scheduling order or, as the case may be, separate proposals. Due to the likely transfer of this action to the Southern District of New York, any individual or joint scheduling proposals submitted to this Court will be moot. Therefore, in an effort to conserve the time, energy and resources of the parties and the Court, Defendants respectfully request that the Court enter an Order staying the proceeding while, at the very least, pretrial proceedings are conducted in the Southern District of New York.

8. On April 21, 2006, the undersigned conferred with counsel for Plaintiffs and requested that Plaintiffs join in this motion. Counsel for Plaintiffs declined and, instead, indicated that Plaintiffs intend to file a unilateral scheduling order.

---

[1] DePauw University was the only party in any of the actions that filed a substantive opposition to consolidation. The basis of DePauw's opposition was that its claims were solely against Hennessee Group, LLC, Charles Gradante and Elizabeth Lee Hennessee and involved a different set of facts that were not present in the other actions sought to be consolidated. In the Order, the JPMDL rejected DePauw's opposition and further stated that "DePauw argues in opposition to centralization that resolution of its action will depend on facts not present in the other actions, like the specific advice given to DePauw by the Hennessee defendants...We disagree. The alleged improprieties regarding the Bayou hedge funds forms the factual backdrop to all actions presently before the panel. Moreover, the Hennessee defendants are named in two of the four actions." In the case *sub judice*, Plaintiffs potential objections to consolidation are similar (if not exactly the same) to the objections made by DePauw and have already been rejected by the JPMDL.

9.   Concurrent with the filing of this motion, Defendants are sending a letter to the JPMDL informing the same of the existence of this action. Upon receipt of the letter – and assuming the Panel determines that there are facts common between this case and the cases already consolidated in the Southern District of New York – the JPMDL will enter a conditional order of transfer and allow Plaintiffs fifteen days in which to file an opposition. If Plaintiffs do not oppose the conditional order of transfer or if they file an opposition and it is denied, the conditional order becomes final. Upon confirming the transfer of this case to the Southern District of New York, Defendants will inform the Court under separate cover.[2]

WHEREFORE, Defendants respectfully request that the Court enter an Order staying all proceedings in this case while, at the very least, pretrial proceedings are conducted in the Southern District of New York.

Respectfully submitted,

JENKENS & GILCHRIST, P.C.

By: _____
SEAGAL WHEATLEY
ROBERT L. SOZA
Jenkens & Gilchrist, P.C.
112 East Pecan, Suite 900
San Antonio, Texas 78205
Telephone: 210-246-5000
Fax: 210-246-5999

---

[2] Nothing in this motion shall be interpreted as a waiver of any rights under the Investment Advisory Agreement entered into between the parties. Furthermore, given that Defendants have not answered, moved, or otherwise responded to the Amended Complaint, Defendants preserve the right to object to jurisdiction and venue for purposes of trial.

457695_1.doc
SANANTONIO 457695v1 69297-00001

ELLEN SESSIONS
Jenkins & Gilchrist, P.C.
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Telephone: 210-855-4500
Fax: 214-855-4300

BENNETT FALK
BRIAN AMERY
Bressler, Amery & Ross, PC
Huntington Centre II
2801 SW 149th Avenue
Miramar, FL 33027
Telephone: 954-430-7811 (Falk)
Fax: 954-499-7969

Attorneys for Defendants HENNESSEE GROUP LLC, ELIZABETH LEE HENNESSEE AND CHARLES GRADANTE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record by certified mail, return receipt requested, on this 24th day of April, 2006:

Marvin G. Pipkin
PIPKIN, OLIVER & BRADLEY, LLP.
1020 N.E. Loop 410, Suite 810
San Antonio, Texas 78205

Brian D. Hail
HAYNES & BOONE, LLP
153 East 53rd Street, Suite 4900
New York, New York 10022

_____
ROBERT L. SOZA
SEAGAL WHEATLEY

457695_1.doc
SANANTONIO 457695v1 69297-00001

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**
Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax: [202] 502-2888

http://www.jpml.uscourts.gov

April 18, 2006

TO INVOLVED COUNSEL

Re: MDL-1755 -- In re Bayou Hedge Funds Investment Litigation

> *Jewish Federation of Metropolitan Chicago v. Bayou Management, LLC, et al.*, D. Connecticut, C.A. No. 3:05-1401
> *Broad-Bussel Family LP, et al. v. Bayou Group, LLC, et al.*, D. Connecticut, C.A. No. 3:05-1762
> *DePauw University v. Hennessee Group LLC, et al.*, S.D. Indiana, C.A. No. 2:05-249
> *Thomas Gleason v. Bayou Management, LLC, et al.*, S.D. New York, C.A. No. 7:05-8532

Dear Counsel:

I am enclosing a copy of a Panel transfer order filed today in the above-captioned matter.

The <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425 (2001), and specifically, Rules 1.1, 7.4 and 7.5, refer to "tag-along" actions. Please familiarize yourself with these <u>Rules</u> for your future reference. With regard to Rule 7.5, you need only provide this office with a copy of the complaint which you feel qualifies as a "tag-along" action and informally request that our "tag-along" procedures be utilized to transfer the action to the transferee district. If you have any questions regarding procedures used by the Panel, please telephone this office.

Very truly,

Michael J. Beck
Clerk of the Panel

By _____
Deputy Clerk

Enclosure

JPML Form 35


DISTRIBUTED
by fax 4/18/06

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 8 2006

FILED
CLERK'S OFFICE

RELEASED FOR PUBLICATION

DOCKET NO. 1755

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE BAYOU HEDGE FUNDS INVESTMENT LITIGATION

*Jewish Federation of Metropolitan Chicago v. Bayou Management, LLC, et al.*, D. Connecticut, C.A. No. 3:05-1401
*Broad-Bussel Family LP, et al. v. Bayou Group, LLC, et al.*, D. Connecticut, C.A. No. 3:05-1762
*DePauw University v. Hennessee Group LLC, et al.*, S.D. Indiana, C.A. No. 2:05-249
*Thomas Gleason v. Bayou Management, LLC, et al.*, S.D. New York, C.A. No. 7:05-8532

## BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, JOHN F. KEENAN,[*] D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation currently consists of two actions in the District of Connecticut and one action each in the Southern District of Indiana and the Southern District of New York. Plaintiffs in one of the District of Connecticut actions move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of Connecticut. Plaintiff in the Southern District of Indiana action, DePauw University (DePauw), opposes centralization. One group of defendants[1] in two of the four actions opposes centralization for the sole purpose of objecting to jurisdiction and venue for trial at any situs other than the Southern District of New York, but these defendants otherwise have no objection to plaintiffs' motion for transfer.

On the basis of the papers filed and hearing session held, the Panel finds that these four actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations concerning allegedly fraudulent activity in the operation of one or more Bayou investment funds.[2] Centralization under Section 1407 is necessary

---

[*] Judges Hodges and Keenan did not participate in the decision of this matter.

[1] Hennessee Group, LLC, Charles Gradante and E. Lee Hennessee (the Hennessee defendants).

[2] Bayou Superfund, LLC; Bayou No Leverage Fund, LLC; Bayou Affiliates Fund, LLC; Bayou Accredited Fund, LLC; Bayou Offshore Fund, LLC; Bayou Fund, LLC; Bayou Offshore Fund A, LTD; Bayou Offshore Fund B, LTD; Bayou Offshore Fund C, LTD; Bayou Offshore Fund D, LTD; Bayou

(continued...)

- 2 -

in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

DePauw argues in opposition to centralization that resolution of its action will depend on facts not present in the other actions, like the specific advice given to DePauw by the Hennessee defendants regarding DePauw's investment in the Bayou hedge funds, and that centralization is therefore unnecessary. We disagree. The alleged improprieties regarding the Bayou hedge funds forms the factual backdrop to all actions presently before the Panel. Moreover, the Hennessee defendants are named in two of the four actions. Transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common parties and witnesses are not subjected to discovery demands that duplicate activity that will occur or has occurred in other actions. Discovery with respect to any case-specific issues can also proceed concurrently with discovery on common issues. *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976).

We conclude that the Southern District of New York is an appropriate transferee forum for this litigation. Three government civil actions[3] regarding the Bayou hedge funds are currently pending there, as well as the criminal proceedings against Israel and Marino. By centralizing this litigation before Judge Colleen McMahon, who presides over those five government matters and the New York action before the Panel, we are assigning this litigation to a jurist who is familiar with the litigation and has the experience necessary to steer this litigation on a prudent course.

---

[2](...continued)
Offshore Fund E, LTD; Bayou Offshore Fund F, LTD; and Bayou Offshore Master Fund, LTD (collectively the Bayou hedge funds). These funds are named as defendants in one or more actions. Defendants in multiple actions also include Bayou Group, LLC; Bayou Management, LLC; Bayou Securities, LLC; Bayou Advisors, LLC; Bayou Equities, LLC; and the Bayou hedge funds' key principals, Samuel Israel, III (Israel) and Daniel E. Marino (Marino), who have pled guilty to multiple criminal counts of fraud and other charges in connection with their operation of the Bayou hedge funds.

[3] These actions were brought against certain defendants by, respectively, the Securities and Exchange Commission, the Commodity Futures Trading Commission, and the United States Attorney for the Southern District of New York.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Colleen McMahon for coordinated or consolidated pretrial proceedings with the action pending in that district.

FOR THE PANEL:

D. Lowell Jensen
Acting Chairman