IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

2006 MAY -1  A 11: 32

CLERK. US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY.

| | |
|---|---|
| TRAVIS CO. J.V.,<br>ROGER C. HILL, SR.,<br>and CHRISTOPHER HILL,<br><br>    Plaintiffs,<br><br>VS.<br><br>HENNESSEE GROUP, LLC, ELIZABETH<br>LEE HENNESSEE and CHARLES J.<br>GRADANTE,<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>CIVIL ACTION NO. SA-06-CA-0146-FB |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY PROCEEDINGS
IN LIGHT OF THE CONSOLIDATION OF ALL BAYOU RELATED CASES IN
THE SOUTHERN DISTRICT OF NEW YORK**

Defendants Hennessee Group, Charles Gradante and Elizabeth Lee Hennessee

("Defendants") hereby file their Reply in Support of Their Motion to Stay Proceedings in Light

of the Consolidation of all Bayou Related Cases in the Southern District of New York and, in

support thereof, state as follows:

1.      On or about April 21, 2006, Defendants filed their Motion to Stay Proceedings in

Light of the Consolidation of All Bayou Related Cases in the Southern District of New York

("Motion to Stay"). In support of Defendants' Motion to Stay, Defendants attached the April 18,

2006 Order of the Judicial Panel on Multidistrict Litigation ("JPMDL"), transferring four (then

pending before the JPMDL) Bayou related lawsuits to the Southern District of New York for, at

the very least, pretrial purposes ("Order"). See Def. Mot. to Stay at Ex. A. Although Plaintiffs'

lawsuit had not been filed at the time that the motion for centralization was filed with the

JPMDL and it was never brought before the JPMDL prior to the entry of its Order, this case is now ripe for transfer as a potential "tag along" action, as envisioned by JPMDL Rule 7.4.

2.      Contemporaneous with the filing of their Motion to Stay, Defendants notified the clerk of the JPMDL of this action and requested that the JPMDL issue a "conditional order of transfer" to the Southern District of New York to join the other – already centralized – Bayou related actions. See Defendants' letter to the JPMDL, attached hereto as Exhibit A. The JPMDL indicated that it will endeavor to reach a decision as to the issuance of a "conditional order of transfer" within thirty days.

3.      On April 26, 2006, Plaintiffs filed their Response to Defendants' Motion to Stay ("Response"). In Plaintiffs' Response, they state:

> All of these claims are focused on the conduct of Hennessee
> Group, LLC and its principals, Hennessee and Gradante, in the
> marketing and provision of Hennessee Group's services to
> Plaintiff. All of these claims are only indirectly related to the
> litigation against Bayou Group that arises from Bayou Group's
> fraud. As such, these claims will focus on the practices of
> Defendants, including their marketing claims, their due diligence
> and research processes, and their methods of investigating hedge
> funds for their clients. It will not focus on the details of the Bayou
> Group's financial dealings as claims against Bayou Group would
> do. Thus, Plaintiffs believe the Judicial Panel on Multi-District
> Litigation is likely to decline to transfer this case.

See Plaintiffs' Response at p. 2.

4.      Plaintiffs' objections are meritless. These are the very same objections that have already been considered and expressly rejected by the JPMDL. As mentioned in Defendants' Motion to Stay, DePauw University, a plaintiff in another action filed solely against Hennessee Group, LLC, Charles Gradante and Elizabeth Lee Hennessee, previously opposed centralization of the Bayou related cases. In support of its opposition, DePauw asserted, *inter alia*, that its claims were solely against Hennessee Group and its principals and that its claims did not involve

the same set of facts as the other Bayou related actions. Additionally, DePauw went as far as stating that it does not plan on participating in any discovery from Bayou. DePauw both briefed these objections and presented them at oral argument before the JPMDL. Notwithstanding DePauw's strenuous opposition, the JPMDL ordered the transfer of the Bayou related cases – including the DePauw action – to the Southern District of New York. Specifically, the Chairman of the JPMDL stated in his Order:

> DePauw argues in opposition to centralization that resolution of its action will depend on facts not present in the other actions, like the specific advice given to DePauw by the Hennessee defendants…We disagree. **The alleged improprieties regarding the Bayou hedge funds forms the factual backdrop to all actions presently before the panel**. Moreover, the Hennessee defendants are named in two of the four actions.

Order at p. 2 (emphasis added).

5.    Plaintiffs fail to address, let alone effectively distinguish this case from the DePauw matter or any of the other actions transferred to the Southern District of New York. Instead, Plaintiffs' state, without regard for the preservation of the time and resources of the parties and the Court that, "until this issue is decided, the case remains before this Court and this Court should proceed with it." Plaintiffs' Response does little to contest the sound logic behind Defendants' request for a stay of these proceedings or overcome the language used by the Chairman of the JPMDL in his Order. Notably, South Cherry Street, who recently filed a complaint solely against Hennessee Group, LLC, Charles Gradante and Elizabeth Lee Hennessee has written a letter to Judge McMahon in the Southern District of New York (transferee judge), stating that the complaint filed by his client "seems clearly within the purview of the recent order of the Panel on Multidistrict Litigation."

6.    Due to the current posture of this case and the virtual certainty that this case will

be transferred to the Southern District of New York, proceeding in this Court will, at best, result in efforts that will be undone or of no value to the parties or the Court should the JPMDL transfer the case within the next thirty days.  Defendants will, however, answer, move or otherwise respond to the First Amended Complaint on or before May 15, 2006, consistent with the agreement reached with opposing counsel.

7.      Finally, Plaintiffs' reference to an NASD arbitration filed solely against Lee Hennessee in Houston, Texas is a red herring.  The NASD arbitration is a recent contrivance by Plaintiffs filed solely for the purpose of adding financial burden to Defendants and to lure Defendants into arbitration at an improper forum and situs.  This conclusion is supported by the fact that the parties have an arbitration agreement that provides for arbitration before the American Arbitration Association, not the NASD.

WHEREFORE, Defendants respectfully request that the Court enter an Order staying all proceedings in this case while, at the very least, pretrial proceedings are conducted in the Southern District of New York.

Respectfully submitted,

BRESSLER, AMERY & ROSS, P.C.

By:_____

BENNETT FALK
BRIAN AMERY
Bressler, Amery & Ross, PC
Huntington Centre II
2801 SW 149th Avenue, Suite 300
Miramar, FL  33027
Telephone:  954-499-7979
Fax:  954-499-7969

SEAGAL WHEATLEY
Jenkens & Gilchrist, P.C.
112 East Pecan, Suite 900
San Antonio, Texas 78205
Telephone: 210-246-5000
Fax: 210-246-5999

ELLEN SESSIONS
Jenkins & Gilchrist, P.C.
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Telephone: 210-855-4500
Fax: 214-855-4300

Attorneys for Defendants HENNESSEE
GROUP LLC, ELIZABETH LEE
HENNESSEE AND CHARLES
GRADANTE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record by certified mail, return receipt requested, on this 1st day of May, 2006.

> Marvin G. Pipkin
> Kortney Kloppe-Orten
> PIPKIN, OLIVER & BRADLEY, LLP
> 1020 N.E. Loop 410, Suite 810
> San Antonio, Texas   78205

A CERTIFIED TRUE COPY

APR 1 8 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

06 mo 1755

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1755*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 8 2006

APR 1 9 2006
FILED
CLERK'S OFFICE

# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE BAYOU HEDGE FUNDS INVESTMENT LITIGATION

> *Jewish Federation of Metropolitan Chicago v. Bayou Management, LLC, et al.*, D. Connecticut, C.A. No. 3:05-1401
> *Broad-Bussel Family LP, et al. v. Bayou Group, LLC, et al.*, D. Connecticut, C.A. No. 3:05-1762
> *DePauw University v. Hennessee Group LLC, et al.*, S.D. Indiana, C.A. No. 2:05-249
> *Thomas Gleason v. Bayou Management, LLC, et al.*, S.D. New York, C.A. No. 7:05-8532

## *BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, JOHN F. KEENAN,[*] D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

This litigation currently consists of two actions in the District of Connecticut and one action each in the Southern District of Indiana and the Southern District of New York. Plaintiffs in one of the District of Connecticut actions move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of Connecticut. Plaintiff in the Southern District of Indiana action, DePauw University (DePauw), opposes centralization. One group of defendants[1] in two of the four actions opposes centralization for the sole purpose of objecting to jurisdiction and venue for trial at any situs other than the Southern District of New York, but these defendants otherwise have no objection to plaintiffs' motion for transfer.

On the basis of the papers filed and hearing session held, the Panel finds that these four actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations concerning allegedly fraudulent activity in the operation of one or more Bayou investment funds.[2] Centralization under Section 1407 is necessary

---

[*] Judges Hodges and Keenan did not participate in the decision of this matter.

[1] Hennessee Group, LLC, Charles Gradante and E. Lee Hennessee (the Hennessee defendants).

[2] Bayou Superfund, LLC; Bayou No Leverage Fund, LLC; Bayou Affiliates Fund, LLC; Bayou Accredited Fund, LLC; Bayou Offshore Fund, LLC; Bayou Fund, LLC; Bayou Offshore Fund A, LTD; Bayou Offshore Fund B, LTD; Bayou Offshore Fund C, LTD; Bayou Offshore Fund D, LTD; Bayou

(continued...)



ALL-STATE® INTERNATIONAL

- 2 -

in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

DePauw argues in opposition to centralization that resolution of its action will depend on facts not present in the other actions, like the specific advice given to DePauw by the Hennessee defendants regarding DePauw's investment in the Bayou hedge funds, and that centralization is therefore unnecessary. We disagree. The alleged improprieties regarding the Bayou hedge funds forms the factual backdrop to all actions presently before the Panel. Moreover, the Hennessee defendants are named in two of the four actions. Transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common parties and witnesses are not subjected to discovery demands that duplicate activity that will occur or has occurred in other actions. Discovery with respect to any case-specific issues can also proceed concurrently with discovery on common issues. *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976).

We conclude that the Southern District of New York is an appropriate transferee forum for this litigation. Three government civil actions[3] regarding the Bayou hedge funds are currently pending there, as well as the criminal proceedings against Israel and Marino. By centralizing this litigation before Judge Colleen McMahon, who presides over those five government matters and the New York action before the Panel, we are assigning this litigation to a jurist who is familiar with the litigation and has the experience necessary to steer this litigation on a prudent course.

---

[2](...continued)
Offshore Fund E, LTD; Bayou Offshore Fund F, LTD; and Bayou Offshore Master Fund, LTD (collectively the Bayou hedge funds). These funds are named as defendants in one or more actions. Defendants in multiple actions also include Bayou Group, LLC; Bayou Management, LLC; Bayou Securities, LLC; Bayou Advisors, LLC; Bayou Equities, LLC; and the Bayou hedge funds' key principals, Samuel Israel, III (Israel) and Daniel E. Marino (Marino), who have pled guilty to multiple criminal counts of fraud and other charges in connection with their operation of the Bayou hedge funds.

[3] These actions were brought against certain defendants by, respectively, the Securities and Exchange Commission, the Commodity Futures Trading Commission, and the United States Attorney for the Southern District of New York.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Colleen McMahon for coordinated or consolidated pretrial proceedings with the action pending in that district.

FOR THE PANEL:

D. Lowell Jensen
Acting Chairman

# BRESSLER, AMERY & ROSS, P.C.

### ATTORNEYS AT LAW

P.O. BOX 279807
MIRAMAR, FL 33027
(954) 499-7979
FAX: (954) 499-7969

HAND DELIVERY:
HUNTINGTON CENTRE II
2801 S.W. 149TH AVENUE, SUITE 300
MIRAMAR, FL 33027

www.bressler.com

**NEW JERSEY OFFICE**

325 COLUMBIA TURNPIKE
FLORHAM PARK, NJ 07932
(973) 514-1200

**NEW YORK OFFICE**

17 STATE STREET
NEW YORK, NY 10004
(212) 425-9300
bfalk@bressler.com

April 24, 2006

Mr. Michael Beck
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
One Columbus Circle, NE
Thurgood Marshall Federal Judiciary Building
Room G-255, North Lobby
Washington, DC   20002-8004

Re:   **MDL Docket No. 1755**
      *In re Bayou Hedge Funds Investment Litigation*

Dear Mr. Beck:

I am an attorney representing Hennessee Group, LLC, Charles Gradante and Elizabeth Lee Hennessee in various lawsuits arising out of the collapse of the Bayou hedge funds.

On April 18, 2006, the Chairman of the Judicial Panel on Multidistrict Litigation ("JPMDL") entered an order in the above-referenced MDL matter, transferring four actions to the Southern District of New York for centralization.   *See* JPMDL Transfer Order, attached hereto as Exhibit A.  The transferred actions are captioned:

*Jewish Federation of Metropolitan Chicago v. Bayou Management, LLC, et al*, D. Conn., C.A. No. 3:05-1401

*Broad-Bussel Family LP, et al v. Bayou Group, LLC, et al*, D. Conn., C.A. No. 3:05-1762

*DePauw University v. Hennessee Group, LLC, Charles Gradante and E. Lee Hennessee*, S.D. Ind., C.A. No. 2:05-249

*Thomas Gleason v. Bayou Management, LLC, et al*, S.D.N.Y., C.A. No. 7:05-8532

I am writing to inform the Panel of two potential "tag along" actions in which my clients are the named defendants.  The potential "tag along" actions are captioned:

788044_1

BRESSLER, AMERY & ROSS, P. C.

April 24, 2006
Page 2

> *Travis Co. J.V., Roger Hill, Sr., and Christopher Hill v. Hennessee Group, LLC, Elizabeth Lee Hennessee and Charles Gradante*, W.D. Tex., C.A. No. 06-CV-146, before Judge Fred Biery

> *South Cherry Street, LLC v. Hennessee Group, LLC, Elizabeth Lee Hennessee and Charles Gradante*, S.D.N.Y., C.A. No. 06-CV-2943, before Judge Leonard B. Sand

Both of the potential "tag along" actions involve common questions of fact with the actions previously transferred for centralization and both arise out of the Plaintiffs' investment in the Bayou hedge funds. These actions are appropriate for transfer in a manner consistent with the JPMDL's order, dated April 16, 2006. On behalf of Hennessee Group, LLC, Charles Gradante and Elizabeth Lee Hennessee, I respectfully request that you enter a conditional order of transfer of the above-referenced "tag along" actions. For your convenience, I have attached copies of both Complaints as Exhibits B & C.

Should you have any questions or require any additional information, please feel free to contact me directly.

Very truly yours,

Bennett Falk

Enclosures