LAW OFFICES OF
## PIPKIN, OLIVER & BRADLEY, L.L.P.

1020 NORTHEAST LOOP 410, SUITE 810
SAN ANTONIO, TEXAS 78209-1227

TELEPHONE
(210) 820-0082

TELECOPIER
(210) 820-0077

**RECEIVED**
MAY 0 1 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

**FILED**
MAY 0 1 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

May 1, 2006

Honorable Fred Biery
U.S. District Court
Western District of Texas
655 E. Durango Suite
San Antonio, Texas 78206

RE: *Travis Co. Joint Venture, Roger Hill, Sr. and Bruce Hill v. Hennessee Group, LLC, Charles Gradante and E. Lee Hennessee*
**Civil Action No. SA-06-CA-0146-FB**

Dear Judge Biery:

Enclosed for your review is a copy of the letter we sent to the Judicial Panel on Multi-District Litigation opposing transfer of the above-captioned case. By copy of this letter, we are advising opposing counsel of this filing.

Sincerely,

Marvin G. Pipkin

Enclosures
cc:  Messrs. Falk, Amery & Wolper        *(Via CM/RRR & Facsimile)*
     Ms. Ellen Bush Sessions             *(Via CM/RRR & Facsimile)*
     Mr. Seagal V. Wheatley              *(Via CM/RRR & Facsimile)*

LAW OFFICES OF
## PIPKIN, OLIVER & BRADLEY, L.L.P.
1020 NORTHEAST LOOP 410, SUITE 810
SAN ANTONIO, TEXAS 78209-1227

TELEPHONE
(210) 820-0082

TELECOPIER
(210) 820-0077

April 27, 2006

Mr. Michael Beck, Clerk of the Panel
Judicial Panel on Multi-District Litigation
One Columbus Circle, N.E.
Thurgood Marshall Federal Judiciary Bldg
Room G-255, North Lobby
Washington, DC 20002-8004

RE: MDL No. 1755, *In re Bayou Hedge Fund Investment Litigation;*
AND
*Travis Co. Joint Venture, Roger Hill, Sr. and Christopher Hill v. Hennessee Group, LLC, Charles Gradante and E. Lee Hennessee,* Civil Action No. SA-06-CA-0146-FB

Dear Mr. Beck:

This letter is sent to inform the Panel of the objections of Plaintiffs Travis Co., J.V., Roger Hill, Sr. and Christopher Hill to the requested transfer of their lawsuit against Hennessee Group LLC, Charles Gradante and Lee Hennessee as a "tag along" action to the Bayou Hedge Fund Investment Litigation that the Panel recently consolidated in the Southern District of New York before Judge McMahon (MDL No. 1755). I would appreciate it if you would forward a copy of this letter to the relevant members of the Panel for their consideration.

Plaintiffs' Amended Complaint states claims against Hennessee Group and its principals, Gradante and Hennessee only. It raises no claims against Bayou Group or its hedge funds. Plaintiffs' claims are largely state law actions alleging Texas common law claims for breach of contract, breach of fiduciary duty, fraud/negligent misrepresentation, negligence/gross negligence, and violations of Texas statutes, specifically the Texas Deceptive Trade Practice Act and Texas Securities Act. In fact, this firm has not even been retained to pursue claims against Bayou. Plaintiffs are represented in any such Bayou-related claims by separate counsel.

Further, all of Plaintiffs' claims are factually focused on the conduct of Hennessee Group, LLC and its principals, Hennessee and Gradante. The instant allegations center around the solicitations by Hennessee Group as part of its marketing efforts directed at Plaintiffs and other

April 27, 2006
Page 2

individuals in San Antonio, and the provision of substandard services by Hennessee Group. As such, these claims will focus on the practices of Hennessee Group and its principals, including their marketing claims and their due diligence and research processes. Plaintiffs' claims could apply to any of Hennessee Group's hedge fund recommendations, not just their Bayou Group recommendations. Thus, Plaintiffs' claims are dissimilar to the Bayou Group claims in that the Plaintiffs' claims are focused on the misrepresentations, financial dealings and due diligence processes of the Hennessee Group. Accordingly, Plaintiffs believe that if any "common questions of fact" exist, they do not justify transfer.

Significantly, transfer of this case will not serve "the convenience of the parties and witnesses" or "promote the just and efficient conduct" of either Plaintiffs' action or the Bayou-related actions. Transfer will not promote justice or efficiency because Plaintiffs' discovery will not focus on the same witnesses as the Bayou-related actions. Once again, the most significant factor in considering this issue is that any Bayou-related actions are not being prosecuted by this law firm.

Further, transfer will not be for the convenience of the parties and witnesses in this case. Plaintiffs, other Hill family members, and other San Antonio residents will be Plaintiffs' witnesses regarding representations made by Hennessee Group, Gradante and Hennessee. All of these individuals are Texas residents. As such, conducting discovery in New York will greatly inconvenience Plaintiffs and their witnesses. On the other hand, production of Defendants' documents does not become more convenient simply because the case is transferred to New York, since copies certainly will be made and can be shipped anywhere for review. In fact, a transfer will be more convenient only for Defendants and their witnesses, if any, who may be New York residents. Given that any added convenience for the Defendants and their witnesses must be balanced with the added inconvenience to the Plaintiffs and their witnesses, transfer will offer no additional convenience to the parties and witnesses in this case. Non-existent gains in convenience should be insufficient to justify transfer.

For all of the above reasons, Travis Co. J.V., Roger Hill, Sr. and Christopher Hill respectfully request that the Panel decline to transfer their case as a "tag along" action to the Bayou-related Hedge Fund Investment Litigation, MDL No. 1755, and instead allow their case to remain pending in the Western District of Texas.

Plaintiffs' counsel is serving a copy of this letter on counsel for Defendants by certified mail, return receipt requested.

Sincerely,

*Marvin Pipkin*

Marvin G. Pipkin

MGP/ad

April 27, 2006
Page 3

cc:     Bennett Falk, Bressler Amery & Ross, P.C. (via fax and CMRRR)