FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

2006 MAY 15  PM 3: 42

CLERK, U S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| TRAVIS CO. J.V., ROGER<br>C. HILL, SR., AND CHRISTOPHER HILL,<br><br>Plaintiffs,<br><br>VS.<br><br>HENNESSEE GROUP, LLC, ELIZABETH<br>LEE HENNESSEE and CHARLES J.<br>GRADANTE<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§  CIV. ACTION NO. SA-06-CA-0146-FB<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANTS' BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT PURSUANT TO
FRCP RULES 10(b), 9(b) AND 12(b)(6)**

---

SEAGAL WHEATLEY
Jenkens & Gilchrist, P.C.
112 East Pecan, Suite 900
San Antonio, Texas 78209
Telephone:  210-246-5000
Fax: 210-246-5999

ELLEN SESSIONS
Jenkens & Gilchrist, P.C.
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Telephone:  210-855-4500
Fax: 214-855-4300

BENNETT FALK
Bressler, Amery & Ross, P.C.
2801 SW 149th Avenue, Suite 300
Miramar, Florida 33027
Telephone:  954-499-7979
Facsimile:  954-499-7969

Attorneys for Defendants Hennessee Group
LLC, Charles Gradante and Elizabeth Lee Hennessee

# TABLE OF CONTENTS

Page

TABLE OF CASES AND OTHER AUTHORITIES .................................................... ii

INTRODUCTION............................................................................................1

STATEMENT OF FACTS ...............................................................................2

LEGAL ARGUMENT ....................................................................................4

I      THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED
        BECAUSE IT FAILS TO COMPLY WITH RULE 10(b) OF THE
        FEDERAL RULES OF CIVIL PROCEDURE AND CONSTITUTES
        A SHOTGUN PLEADING.………………………………………………….4

II     PLAINTIFFS' CLAIMS AGAINST CHARLES GRADANTE AND
        ELIZABETH LEE HENNESSEE SHOULD BE DIMISSED
        PURSUANT TO FRCP RULES 9(b) AND/OR 12(b)(6).…………………..7

A. Plaintiffs' Claims For "Fraud or Negligent Misrepresentation," Violation of
    10(b) And 10b-5 And Violation Of The Texas Deceptive and Unfair Trade
    Practices Act Are Not Pled With The Required Particularity As Set Forth In
    FRCP Rule 9(b) And The Private Securities Litigation Reform Act.......................7

B. The First Amended Complaint Fails To State A Claim Upon Which Relief
    Can Be Granted As To All Claims Against Charles Gradante and Elizabeth
    Lee Hennessee Because Plaintiffs Have Neither Pled A Basis For Control
    Person Liability Nor Have They Pled A Basis To Disregard The Corporate
    Entity.................................................................................................................10

CONCLUSION...........................................................................................15

## **TABLE OF CASES AND OTHER AUTHORITIES**

Page

*Acito v. IMCERA Group, Inc., 47 F.3d 47, 51 (2d Cir. 1995)*...........................7

*Anderson v. District Board of Trustees of Central Florida Community College, 77 F.2d 364 (11th Cir. 1996)* .............................................................6

*Bond Opportunity Fund v. Unilab Corp., 2003WL 21058251 at \*3 (S.D.N.Y. 2003)* ...........................................................................................9

*Castleberry v. Branscum, 721 S.W.2d 271-272*...............................................12

*Concept Clothing Co. v. Dabney, No. Civ. A. 302CV1838, 2003 WL 23208272 (N.D. Tex 2003)*.............................................................................................12

*Ergonomic Lighting System, Inc. v. Commercial Petroleum Equipment/Usalco, No. SA-02-CA-0031, 2003 WL 22426101 (W.D. Tex. 2003)* ..........................8

*Frith v. Guardian Life Insur. Co. of America, 9 F.Supp.2d 734 (S.D. Tex 1998)* .........9

*Ganino, 228 F.3d at 168*.................................................................. 9

*Gompper v. VISX, Inc. 298 F.3d, 893, 897 (9th Cir. 2002)* ............................................9

*Hart v. Internet Wire, Inc., 145 F.Supp.2d 360, 368 (S.D.N.Y. 2001)* ..........................7

*Helwig v. Vencor, Inc., 251 F.3d 540, 553 (6th Cir. 2001)* ............................................9

*Hudson v. Artuz, NO. 95 CIV. 4768, 1998 WL 832708 (S.D.N.Y. 1998)* .......................5

*Kalnit v. Eichler, 264 F.3d 131, 128 (2d Cir. 2001)* ........................................9

*Leitch v. Hornsby, 935 S.W.2d 114 (Tex. 1996)* ........................................11,12

*Lopez v. IBM Corp., No. 604 CV 1246, 2005 WL 1228725 (M.D. Fla. 2005)* ............4

*Magluta v. Samples, 256 F.3d 1282 (11th Cir. 2001)*.......................................5

*Maxey v. Citizens National Bank of Lubbock, 507 S.W.2d 72 (Tex. 1974)*...................11

*Merrill Lynch Reports I, 273 F.Supp. 2d at 369*.......................................................7

*Merrill Lynch Research Reports II, 2003 WL 22451064 at \*7*.......................................7

*Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993)* ........................9

*Sandler v. Capanna, Civ. A. NO. 92-4838, 1992 WL 392597 (E. D. Penn. 1992)* ........5

*San Leandro Emergency Med. Group Profit Sharing Plan v. Phillip Morris Cos.
75 F3d 801, 812-13 & n. 13 (2d Cir. 1996)* ....................................................7

*Schydlower v. Pan American Life Ins. Co.  231 F.R.D. 493, 498 (W.D. Tex 2005)* .....10

*Tuchman v. DSC Communications Corp., 14 F.3d 1062, 1068 (5th Cir. 1994)* ...........8

*Veltman v Walpole Pharmacy, 928 F.Supp. 1161 (M.D. Fla. 1996)* ...........................5

## OTHER AUTHORITIES

Fed. R. Civ. P. 9(b) ..........................................................................................6

Fed. R. Civ. P. 10(b)(2006) ...............................................................................4

Fed.R.Civ.P. 12(b)(6) ........................................................................................6

15 U.S.C. §78u-4 ...............................................................................................7

H.R. Conf. Rep., No. 104-369 at 41 (1995); 1995 U.S.C.C.A.N. 730, 740 ...................7

## INTRODUCTION

The First Amended Complaint purports to allege causes of action for breach of contract, breach of fiduciary duty, fraud, negligent misrepresentation, negligence, gross negligence, violation of the Texas Deceptive and Unfair Trade Practices Act ("DUTPA"), violation of Section 10b of the Securities Exchange Act of 1934 and Rule 10b-5, promulgated thereunder, and violation of the Texas Securities Act.

Several yet equally compelling reasons exist for dismissing the First Amended Complaint: (1) It fails to comply with Rule 10(b) of the Federal Rules of Civil Procedure ("FRCP") in that Plaintiffs did not make each averment of claim in separate numbered paragraphs; (2) It constitutes a "shotgun pleading" in that it fails to separate each theory of liability into individual counts, it does not specify which facts support which theories of liability and it does not specify which claims are being brought against each of the three named Defendants; (3) It fails to comply with FRCP Rule 9(b) in that Plaintiffs' claims for fraud, negligent misrepresentation, violation of 10b and 10b-5, and violation of the Texas DUTPA are not pled with the requisite particularity as against Charles Gradante and Elizabeth Lee Hennessee, individually; (4) It fails to plead a basis (statutory or otherwise) for holding Charles Gradante and Elizabeth Lee Hennessee liable for a primary violation of 10b or 10b-5 or, secondarily liable as control persons of Hennessee Group, for its alleged violations; (5) It fails to plead a basis in which to hold Charles Gradante and Elizabeth Lee Hennessee liable under the Texas Securities Act for failing to register as "investment adviser representatives" with the state because Plaintiffs' concede in the First Amended Complaint that all investment recommendations and advice came from Hennessee Group; and (6) It fails to plead a basis in which to hold Charles Gradante and Elizabeth Lee Hennessee individually liable for negligence,

gross negligence, breach of fiduciary duty and negligent misrepresentation because, at all times relevant to the transactions at issue, Charles Gradante and Elizabeth Lee Hennessee were acting in the regular course and scope of their employment with Hennessee Group and Plaintiffs have not pled a basis for this Court to disregard the corporate entity.

## STATEMENT OF FACTS

Plaintiff Travis Co. J.V. is a joint venture organized under the laws of Texas. See First Amended Compl. at p. 1. Plaintiff Roger Hill, Sr. is the general partner of Travis Co. J.V. Id. at 2. Plaintiff Christopher Hill is the son of Roger Hill, Sr. and a limited partner of Travis Co. J.V. Ltd, a general partner of Travis Co. J.V. Id. All of the Hill family members utilize Travis Co. J.V. as a vehicle to make investments, including investments in hedge funds. Id.

On or about April 4, 2001, Roger Hill, Sr. and Hennessee Group entered into an Investment Advisory Agreement ("Agreement"). See Agreement, attached hereto as Exhibit A. Per the Agreement, Hennessee Group agreed to provide Roger Hill, Sr. (and all other entities he uses to make investments) hedge fund consulting services. Id. at p. 1. No agreement exists between Plaintiffs and Charles Gradante or Elizabeth Lee Hennessee in their individual capacity.

Although the Agreement was signed only by Roger Hill, individually, and by Charles Gradante, on behalf of Hennessee Group, the Agreement also provided that all entities utilized by Roger Hill, Sr. to invest in hedge funds were within the purview of the Agreement. See Exhibit A at p.1. The Agreement provides in relevant part:

> This agreement is a non-discretionary investment advisory agreement ("Agreement") between: (a) Mr. Roger Hill; **and all other entities, that may invest in hedge funds, for which Mr. Roger Hill is authorized under the terms of any applicable plan, trust, partnership agreement** or other governing instrument and by any applicable law to retain Hennessee and to make investments in hedge funds…

2

Id.

Additionally, in the First Amended Complaint, Christopher Hill, a non-signatory to the Agreement, alleges that he "also had a contract with Hennessee Group," but states that it was unwritten.[1]  See First Amended Compl. at 8.

In 2003 and 2004, Plaintiffs invested in the Bayou Superfund, a hedge fund managed by Bayou Management, LLC and its principal Samuel Israel ("Bayou").  Id. at 6.  In July 2005, Bayou announced that it was closing all of its hedge funds and returning investors' money.  Id. Soon thereafter, it was discovered that Bayou was a fraud and that Bayou had no intention of returning investors' money.  Id.

On or about December, 30 2005, Travis Co. J.V., Roger Hill, Sr. and Bruce Hill filed their Complaint in Texas state court.  See Compl.  On February 15, 2006, Defendants timely removed this action to federal court.  Thereafter, on April 17, 2006, Plaintiffs Travis Co. J.V., Roger Hill, Sr. and Christopher Hill ("Plaintiffs") filed their First Amended Complaint, alleging claims against Defendants Hennessee Group, LLC, Charles Gradante and Elizabeth Lee Hennessee ("Defendants") for negligence, gross negligence, negligent misrepresentation, breach of fiduciary duty, fraud, violation of the Texas Securities Act, violation of the Texas Deceptive and Unfair Trade Practices Act ("DUTPA") and violation of Section 10b of the Securities and Exchange Act of 1934 and Rule 10b-5, promulgated thereunder.[2]  See First Amended Compl. at pp. 8-14.  Additionally, Plaintiffs alleged a cause of action against Hennessee Group for breach of contract.  Id. at 8.

---

[1] Defendants will not address the validity of an implied contract between Hennessee Group and Christopher Hill herein but should not necessarily be interpreted as an acknowledgement or acceptance by Defendants that a valid and enforceable contract exists between Hennessee Group and Christopher Hill.

[2] In the First Amended Complaint, Bruce Hill was dropped as a Plaintiff and Christopher Hill was added as a

3

**LEGAL ARGUMENT**

I.  **THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO COMPLY WITH RULE 10(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND CONSTITUTES A SHOTGUN PLEADING**

Plaintiffs' First Amended Complaint suffers from technical defects that warrant immediate dismissal of the claims. Not only have Plaintiffs failed to comply with the basic pleading requirements of FRCP Rules 10(b), but the First Amended Complaint constitutes a "shotgun pleading" in that it fails to separate each theory of liability into individual counts, it does not specify what facts support what theories of liability and it does not specify which claims are being brought against each of the three named Defendants. Plaintiffs failure to comply with these rudimentary pleading requirements makes it virtually impossible for Defendants to formulate a coherent response to the allegations in the First Amended Complaint.

FRCP Rule 10(b) provides, in relevant part:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings.

FED. R. CIV. P. 10(b) (2006).

In complete derogation of FRCP 10(b), Plaintiffs have pled their First Amended Complaint in narrative form, making it impossible for Defendants to respond to each individual paragraph in an answer or other responsive pleading. In the face of a pleading that is technically invalid, federal courts have discretion to dismiss the complaint or require the plaintiff to make a more definite statement. Lopez v. IBM Corp., No. 604 CV 1246, 2005 WL 1228725 (M.D. Fla.

Plaintiff.

May 20, 2005) (dismissing complaint because plaintiff failed to comply with FRCP 10(b)); Hudson v. Artuz, No. 95 CIV. 4768, 1998 WL 832708 (S.D.N.Y Nov. 30, 1998) (dismissing complaint filed by a *pro se* plaintiff for failure to comply with federal pleading requirements including FRCP 10(b)); Veltman v. Walpole Pharmacy, 928 F. Supp. 1161 (M.D. Fla. 1996) (dismissing complaint for failure to comply with FRCP 10(b) and for failure to state a claim upon which relief can be granted); but see Sandler v. Capanna, Civ. A. No. 92-4838, 1992 WL 392597 (E.D. Penn. Dec. 17, 1992) (holding that because the plaintiff was *pro se*, requiring plaintiff to amend his complaint for failure to comply with FRCP 10(b), rather than dismissal, was the appropriate remedy).

Furthermore, the First Amended Complaint constitutes a "shotgun pleading." Not only have Plaintiffs failed to separate each theory of liability into separate counts, but they have not specified which facts support which theories of liability or stated which claims for relief are being brought against each of the three named Defendants. For example, Plaintiffs combine causes of action under headings titled "Fraud or Negligent Misrepresentation" and "Negligence/Gross Negligence" even though each of these claims require different degrees of proof and presumably a different set of supporting facts. Additionally, apart from Plaintiffs' claim for breach of contract brought solely against Hennessee Group, Plaintiffs brought the remainder of their claims against "Defendants" generally, rather than stating specifically which claims are against which Defendants. Plaintiffs First Amended Complaint also contains a six page factual recitation, yet fails to identify which portions, if any, are incorporated by reference into each cause of action.

This type of haphazard pleading is greatly disfavored by the federal courts. See Magluta

5

v. Samples, 256 F.3d 1282 (11th Cir. 2001) (finding, *inter alia*, that the plaintiff's complaint violated FRCP 10(b) because it failed to separate discrete claims into separate counts); Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d 364 (11th Cir. 1996) (requiring the plaintiff to provide a more definite statement to identify which factual allegations are being asserted in support of each claim). In Magluta v. Samples, 256 F.3d 1282 (11th Cir. 2001), the Eleventh Circuit stated:

> [T]he complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realties make plain that all of the defendants could not have participated in every act complained of...The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies.

Magluta, 256 F.3d at 1284.

As a result of Plaintiffs' pleading style, Defendants are unable to formulate a coherent response to the First Amended Complaint. Under the circumstances, dismissal of the First Amended Complaint is appropriate because Plaintiffs are not appearing *pro se*, but rather they are represented by experienced counsel who is required to strictly adhere to The Federal Rules of Civil Procedure.

## II. PLAINTIFFS' CLAIMS AGAINST CHARLES GRADANTE AND ELIZABETH LEE HENNESSEE SHOULD BE DISMISSED PURSUANT TO FRCP RULES 9(b) AND/OR 12(b)(6)

The First Amended Complaint purports to allege causes of action against Charles Gradante and Elizabeth Lee Hennessee, individually, for "fraud or negligent misrepresentation," breach of fiduciary duty, "negligence/gross negligence," violation of 10b and 10b-5, violation of

the Texas DUTPA and violation of the Texas Securities Act.

> **A.** **Plaintiffs' Claims For "Fraud or Negligent Misrepresentation," Violation Of 10(b) And 10b-5 And Violation Of The Texas Deceptive And Unfair Trade Practices Act Are Not Pled With The Required Particularity As Set Forth In FRCP Rule 9(b) And The Private Securities Litigation Reform Act**

A complaint alleging securities fraud must meet the strict mandate of Rule 9(b) and the Private Securities Litigation Reform Act ("PSLRA") and state "with particularity" the circumstances constituting the fraud. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993). Rule 9(b) requires a complaint alleging securities fraud to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Acito v. IMCERA Group, Inc., 47 F.3d 47, 51 (2d Cir. 1995) (quoting Mills, 12 F.3d at 1175).

Congress added section 21D, 15 U.S.C. ' 78u-4, to the Exchange Act "to strengthen existing pleading requirements" for securities fraud under 10b and 10b-5, H.R. Conf. Rep. No. 104-369, at 41 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 740, and to require the complaint to "specify **each** statement alleged to have been misleading, the reason or reasons **why** the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed," 15 U.S.C. ' 78u-4(b)(1) (emphases added). Thus, "to withstand a motion to dismiss plaintiffs must detail specific contemporaneous data or information known to the defendant that was inconsistent with the representation in question." Hart v. Internet Wire, Inc., 145 F. Supp. 2d 360, 368 (S.D.N.Y. 2001) (Pollack, J.) (citation omitted); see San Leandro Emergency Med. Group Profit Sharing Plan v. Phillip Morris Cos., 75 F.3d 801, 812-13 & n.13 (2d Cir. 1996) (plaintiffs must plead specific facts showing defendants' statements were false when made). "[P]laintiffs must allege with particularity, and not in general terms, the statements or omissions that they contend were fraudulent, **as well as the fraud itself**." Merrill Lynch Research Reports I, 273 F. Supp. 2d at 369 (second emphasis added).

Plaintiffs have not met (and cannot meet) this heightened burden in the First Amended

Complaint. As a threshold matter, Plaintiffs do not incorporate any facts into the causes of action titled "Fraud or Negligent Misrepresentation," "Deceptive Trade Practices Act Violations ("DTPA") and Federal Securities Laws (Section 10(b)) Violations," leaving Defendants guessing as to which alleged misrepresentations are intended to support each respective cause of action. Furthermore, Plaintiffs make conclusory and somewhat equivocal allegations of fraud against **all** Defendants when clearly **all** of the Defendants could not have possibly made **all** of the alleged misrepresentations. For example, throughout the First Amended Complaint, Plaintiffs allege that **Hennessee Group** made material misrepresentations with respect to the nature of its due diligence process.[3] None of these allegations of fraud or negligent misrepresentation relate to Charles Gradante and Elizabeth Lee Hennessee, yet Plaintiffs bring like claims against them in their individual capacity. In fact, in the entire First Amended Complaint, Plaintiffs do not identify a single misrepresentation made by Charles Gradante or Elizabeth Lee Hennessee with respect to the transactions at issue in this case, *i.e.*, Plaintiffs' investment in the Bayou Superfund. Additionally, other than making grossly overstated accusations solely "on information and belief" and making the general allegation that had Hennessee Group performed the due diligence it had promised, it would have uncovered the Bayou fraud, the First Amended Complaint does not sufficiently identify any misrepresentation made by Charles Gradante or Elizabeth Lee Hennessee or why it false.

With respect to the Texas DUTPA claim, Plaintiffs merely recite the language of the statutory sections allegedly violated without identifying the facts which support each alleged violation. See Ergonomic Lighting System, Inc. v. Commercial Petroleum Equipment/Usalco, No. SA-02-CA-0031, 2003 WL 22426101 (W.D. Tex. Oct. 21, 2003) (holding that the Texas Deceptive and Unfair Trade Practice claims must be pled with particularity, requiring the plaintiff to identify the "time, place and contents of the false representations, as well as the identity of the person making the representation"), quoting Tuchman v. DSC Communications

---

[3] Plaintiffs allege that had Hennessee Group actually performed any level of due diligence it would have uncovered the Bayou fraud.

Corp., 14 F.3d 1062, 1068 (5th Cir. 1994); Frith v. Guardian Life Insur. Co. of America, 9 F. Supp.2d 734 (S.D. Tex. 1998) (holding the same).

Furthermore, to the extent any misrepresentation was made by either Charles Gradante or Elizabeth Lee Hennessee, Plaintiffs must "state **with particularity facts** giving rise to a **strong inference** that the defendant acted with the required state of mind." 15 U.S.C. ' 78u-4(b)(2) (emphasis added). "The requisite state of mind, or scienter, in an action under section 10(b) and Rule 10b-5 [and common law fraud], that the plaintiff must allege is 'an intent to deceive, manipulate or defraud.'" Kalnit v. Eichler, 264 F.3d 131, 138 (2d Cir. 2001) (quoting Ganino, 228 F.3d at 168 (citation omitted)); see also Merrill Lynch Research Reports II, 2003 WL 22451064, at *7. In determining whether Plaintiffs have alleged facts supporting a strong inference of an intent to deceive, manipulate or defraud, "the court must consider all reasonable inferences to be drawn from the allegations, including inferences unfavorable to the plaintiffs." Gompper v. VISX, Inc., 298 F.3d 893, 897 (9th Cir. 2002). It is not sufficient for Plaintiffs to merely set forth an inference of scienter (even a reasonable one) if there is an equally plausible inference that negates scienter. See Bond Opportunity Fund v. Unilab Corp., 2003 WL 21058251, at *3 (S.D.N.Y. May 9, 2003) (appeal pending) (citing Helwig v. Vencor, Inc., 251 F.3d 540, 553 (6th Cir. 2001) (en banc)).

Plaintiffs do not allege any facts establishing that Charles Gradante or Elizabeth Lee Hennessee were aware of the Bayou fraud and consciously chose to conceal it. Instead, Plaintiffs make the pejorative and completely unfounded allegation that all of the Defendants concealed the Bayou fraud because Hennessee Group was receiving "referral fees" from Bayou. See First Amended Complaint at p. 7. This is a conclusory and unsupported allegation that has no basis in fact and should be stricken by the Court pursuant to FRCP Rule 12(f).

What is abundantly clear is that the First Amended Complaint does not adequately plead claims against Charles Gradante and Elizabeth Lee Hennessee for fraud, negligent misrepresentation, violation of 10(b) or 10b-5 or violation of the Texas Deceptive and Unfair

9

Trade Practices Act. Accordingly, pursuant to FRCP Rule 9(b), Defendants Charles Gradante and Elizabeth Lee Hennessee respectfully request that the Court dismiss those claims against them.

**B.** **The First Amended Complaint Fails To State A Claim Upon Which Relief Can Be Granted As To All Claims Against Charles Gradante And Elizabeth Lee Hennessee Because Plaintiffs Have Neither Pled A Basis For Control Person Liability Nor Have They Pled A Basis To Disregard The Corporate Entity**

Rule 12(b)(6) allows dismissal of a case when the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. PC 12(b)(6). In considering a Rule 12(b)(6) motion, the court must decide whether the facts alleged, if true, would entitle the plaintiff to some legal remedy. Schydlower v. Pan American Life Ins. Co., 231 F.R.D. 493, 498 (W.D. Tex. 2005). The court must limit its inquiry to facts stated in the plaintiff's complaint and the documents either attached to or incorporated therein. Id. Further, the court must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them, and must review those facts in a light most favorable to the plaintiff. Id.

**1.** *Plaintiffs Have Not Pled A Basis For Control Person Liability Under the Securities And Exchange Act Of 1934*

As mentioned above, Plaintiffs have not pled their 10b or 10b-5 claims against Charles Gradante and Elizabeth Lee Hennessee with the requisite particularity and, thus, cannot establish that they are liable for a primary violation of the act. Furthermore, the First Amended Complaint does not plead a statutory or other legal basis in which to hold Charles Gradante and Elizabeth Lee Hennessee secondarily liable, as control persons, for Hennessee Group's alleged violation of 10b or 10b-5. Accordingly, because Plaintiffs have failed to adequately plead a basis in which to hold Defendants liable for a primary violation of 10b or 10b-5, and Plaintiffs have not pled a

basis for control person liability under the act, Defendants respectfully request dismissal of the 10b and 10b-5 claims as against Charles Gradante and Elizabeth Lee Hennessee in their individual capacity.

> **2.** **At All Times, Charles Gradante And Elizabeth Lee Hennessee Acted Within The Regular Course And Scope Of Their Employment With Hennessee Group**

Charles Gradante and Elizabeth Lee Hennessee cannot be held personally liable for Plaintiffs' claims for breach of fiduciary duty, "Negligence/Gross Negligence," and 'Fraud or Negligent Misrepresentation" because, at all times, they were acting within the regular course and scope of their employment with Hennessee Group and they did not owe, let alone breach an independent duty of care to Plaintiffs.[4]  See Leitch v. Hornsby, 935 S.W.2d 114 (Tex. 1996) (holding that corporate officers could not be held liable for negligence where the corporate entity has not been disregarded and the record did not reveal that the corporate officers owed an independent duty of care to the plaintiffs, separate and apart from the duty owed by the corporation); see also Maxey v. Citizens National Bank of Lubbock, 507 S.W.2d 722 (Tex. 1974) (holding that a corporate officer cannot be held liable for inducing a corporation to breach a contractual obligation so long as it was done in good faith).

Other than making unfounded and conclusory allegations that **all** of the Defendants concealed the Bayou fraud to secure "referral fees" from Bayou, Plaintiffs have not alleged (and cannot allege) that Charles Gradante and Elizabeth Lee Hennessee owed them an independent duty separate and apart from the duties owed to them by Hennessee Group.  This conclusion is supported by the fact that the Agreement entered into between Hennessee Group and Roger Hill,

---

[4] Defendants concede that the Court may pierce the corporate veil if the corporate officer acts fraudulently. However, because Plaintiffs have combined their causes of action and have not otherwise pled a basis in which to pierce the corporate veil, the fraud claim must also be dismissed.

11

Sr., and which is also binding on Travis Co. J.V. and Christopher Hill, controls the parties' relationship and the full scope of the investment advisory services that **Hennessee Group** was required to provide to Plaintiffs. As employees and agents of Hennessee Group, Charles Gradante and Elizabeth Lee Hennessee have no independent duty to provide investment advisory services (or any other services) to Plaintiffs. Any failure of **Hennessee Group** to perform the investment advisory services in accordance with the Agreement cannot be imputed to Charles Gradante or Elizabeth Lee Hennessee without Plaintiffs pleading a valid legal basis. See Leitch, 935 S.W.2d at 117.

Furthermore, Plaintiffs have not pled a legal basis in which to disregard the corporate entity and hold Charles Gradante or Elizabeth Lee Hennessee personally liable for the acts of Hennessee Group.[5] In the absence of sufficient allegations that provide a basis in which to disregard the corporate entity, the court should dismiss the complaint for failure to state a claim upon which relief can be granted. See Concept Clothing Co. v. Dabney, No. Civ. A. 302CV1838, 2003 WL 23208272 (N.D. Tex. Aug. 14, 2003) (dismissing third party complaint where the third party plaintiff failed to plead sufficient facts to pierce the corporate veil). The First Amended Complaint is completely devoid of the factual allegations set forth in Castleberry and which are required to sustain a motion to dismiss.

Accordingly, pursuant to FRCP Rule 12(b)(6), the claims against Charles Gradante and Elizabeth Lee Hennessee for breach of fiduciary duty, "Negligence/Gross Negligence," and

---

[5] In Castleberry v. Branscum, the Supreme Court of Texas annunciated the bases in which a corporate entity can be disregarded and its corporate officers can be held liable in tort. Among the bases are where the company is the "alter ego" of its officer; (2) the company is a sham used to perpetrate a fraud; (3) the company is used as a mere tool or business conduit of another corporation; (4) the corporate form has been used as a device to achieve an inequitable result; (5) the corporate fiction is resorted to as a means of evading an existing legal obligation; (6) the company is used to circumvent a monopoly; and (7) the corporate fiction is relied upon as a protection of crime or to justify a wrongdoing. Castleberry, 721 S.W. 2d at 271-272.

12

"Fraud or Negligent Misrepresentation" should be dismissed.

>    **3.**    ***The First Amended Complaint Fails To Allege A Basis In Which To Hold Charles Gradante And Elizabeth Lee Hennessee Liable Under The Texas Securities Act***

Plaintiffs have failed to allege a basis upon which Charles Gradante and Elizabeth Lee Hennessee were required to register in Texas as investment advisor representatives because the First Amended Complaint concedes that all investment recommendations and advice came from Hennessee Group, not Charles Gradante and Elizabeth Lee Hennessee.

Section 581-33-1(A)(1) of the Texas Securities Act provides that "[a]n investment adviser or investment adviser representative who renders services as an investment adviser in violation of Section 12…of this Act is liable to the purchaser, who may sue at law or in equity, for damages in the amount of any consideration paid for the services." TEX. CODE § 581-33-01(A)(1) (2005).[6] The First Amended Complaint concedes that Hennessee Group, not Charles Gradante and Elizabeth Lee Hennessee, provided Plaintiffs with the challenged investment advice.

> Under [the Investment Advisory Agreement], **Hennessee Group** would act as an Investment Advisor and provide advice to Travis Co. regarding hedge funds, including selecting appropriate hedge funds for Travis Co. and monitoring the portfolio of hedge funds that it helped Travis Co. build. In January 2003, Travis Co., acting on **Hennessee Group's** advice, invested millions of dollars in several different funds.

See First Amended Compl. at p. 5 (emphasis added).

> Based on **Hennessee Group's** recommendation of and claimed investigations of Bayou, Travis Co. and Chris both invested in Bayou.

---

[6] Section 581-12(B) of the Texas Securities Act provides that "a person may not, directly or through an investment adviser representative, render services as an investment adviser in this state unless the person is registered under this Act, or is otherwise exempt under this Act." TEX. CODE § 581-12(B).

Id. at p. 6 (emphasis added).

The only factual allegations specific to Charles Gradante and Elizabeth Lee Hennessee are that Elizabeth Lee Hennessee provided Plaintiffs with information describing the **services** of Hennessee Group prior to entering into the Agreement.    Other than their affiliation with Hennessee Group, the First Amended Complaint does not allege that Charles Gradante and/or Elizabeth Lee Hennessee advised Plaintiffs, in any way, in connection with their investment in the Bayou Superfund or any other hedge fund.

Accordingly, the First Amended Complaint fails to state a basis upon which Charles Gradante and Elizabeth Lee Hennessee were required to register as investment advisor representatives and, pursuant to FRCP Rule 12(b)(6), Plaintiffs' claim for violation of the Texas Securities Act should be dismissed.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss the entire First Amended Complaint for Plaintiffs' failure to comply with the basic pleading requirements set forth in FRCP Rule 10(b) or comply with FRCP Rules 9(b) and 12(b)(6) with respect to the causes of action against Charles Gradante and Elizabeth Lee Hennessee in their individual capacity.

Respectfully submitted,

JENKENS & GILCHRIST, P.C.

By:_____Seagal Wheatley by Mark Fassold w/ permission

SEAGAL WHEATLEY
Jenkens & Gilchrist, P.C.
112 East Pecan, Suite 900
San Antonio, Texas 78209
Telephone: 210-246-5000
Fax: 210-246-5999

ELLEN SESSIONS
Jenkens & Gilchrist, P.C.
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Telephone: 210-855-4500
Fax: 214-855-4300

BENNETT FALK
BRIAN AMERY
Bressler, Amery & Ross, PC
Huntington Centre II
2801 SW 149th Avenue, Suite 300
Miramar, FL 33027
Telephone: 954-499-7979
Fax: 954-499-7969

Attorneys for Defendants HENNESSEE

15

GROUP LLC, ELIZABETH LEE
HENNESSEE AND CHARLES
GRADANTE

16

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2006, a copy of the foregoing Brief in

Support of Defendants' Motion to Dismiss the First Amended Complaint Pursuant to FRCP

Rules 10(b), 9(b) and 12(b)(6) was forwarded to the following counsel of record by certified

mail, return receipt requested.

> Marvin G. Pipkin
> Kortney M. Kloppe-Orton
> PIPKIN, OLIVER & BRADLEY, LLP
> 1020 N.E. Loop 410, Suite 810
> San Antonio, Texas   78205

_Seagal Wheatley by Mark J. Cassell_
_w/ permission_
SEAGAL WHEATLEY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

TRAVIS CO. J.V., ROGER )
C. HILL, SR., AND CHRISTOPHER HILL, )
)
     Plaintiffs, )
)
VS. ) CIV. ACTION NUMBER: SA-06-CA-0146 FB
)
HENNESSEE GROUP LLC, ELIZABETH )
LEE HENNESSEE and CHARLES J. )
GRADANTE, )
)
     Defendants. )

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This Court having received Defendants' Motion To Dismiss The First Amended Complaint Pursuant to FRCP Rules 10(b), 9(b) and 12(b)(6), being duly and fully advised in the premises, and finding that such Motion should be granted:

IT SHALL BE AND IS HEREBY ORDERERED THAT:

[SELECT ONE]

_____ The First Amended Complaint should be dismissed for failure to comply with Rule 10(b) of the Federal Rules of Civil Procedure.

_____ Plaintiffs are required to make a more definite statement of their claims.

_____ The First Amended Complaint is properly pled.

[IF THE COURT DENIES DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP RULE 10(b)]

[SELECT ONE]

### FRAUD OR NEGLIGENT MISREPRESENTATION

_____        The causes of action against Charles Gradante for "Fraud or Negligent Misrepresentation" are dismissed because the First Amended Complaint does not comply with Rule 9(b) of the Federal Rules of Civil Procedure in that these claims have not been pled with the required particularity.

_____        The causes of action against Charles Gradante for "Fraud or Negligent Misrepresentation" are pled with adequate particularity and comply with Rule 9(b) of the Federal Rules of Civil Procedure.

[SELECT ONE]

### TEXAS DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

_____        The cause of action against Charles Gradante for violation of the Texas Deceptive and Unfair Trade Practices Act is dismissed because the First Amended Complaint does not comply with Rule 9(b) of the Federal Rules of Civil Procedure in that this claim has not been pled with the required particularity.

_____        The cause of action against Charles Gradante for "violation of the Texas Deceptive and Unfair Trade Practices Act is pled with adequate particularity and complies with Rule 9(b) of the Federal Rules of Civil Procedure.

2

[SELECT ONE]

## SECTION 10b OF THE SECURITIES AND EXCHANGE ACT OF 1934 AND RULE 10B-5, PROMULGATED THEREUNDER

_____     The cause of action against Charles Gradante for violation of Section 10b of the Securities and Exchange Act of 1934 and Rule 10b-5, promulgated thereunder, is dismissed because the First Amended Complaint does not comply with Rule 9(b) of the Federal Rules of Civil Procedure in that this claim has not been pled with the required particularity.

_____     The cause of action against Charles Gradante for violation of Section 10b of the Securities and Exchange Act of 1934 and Rule 10b-5, promulgated thereunder, is pled with adequate particularity and complies with Rule 9(b) of the Federal Rules of Civil Procedure.

[SELECT ONE]

## TEXAS SECURITIES ACT

_____     The cause of action against Charles Gradante for violation of the Texas Securities Act is dismissed for failure to state a claim upon which relief can be granted.

_____     The First Amended Complaint adequately states a claim upon which relief can be granted against Charles Gradante for violation of the Texas Securities Act.

[SELECT ONE]

## NEGLIGENCE/GROSS NEGLIGENCE

_____     The causes of action against Charles Gradante for "Negligence/Gross Negligence" are dismissed for failure to state a claim upon which relief can be granted.

_____     The First Amended Complaint adequately states a claim upon which relief can be granted against Charles Gradante for "Negligence/Gross Negligence."

3

[SELECT ONE]

## BREACH OF FIDUCIARY DUTY

_____        The cause of action against Charles Gradante for breach of fiduciary duty is dismissed for failure to state a claim upon which relief can be granted.

_____        The First Amended Complaint adequately states a claim upon which relief can be granted against Charles Gradante for breach of fiduciary duty.

[SELECT ONE]

## FRAUD OR NEGLIGENT MISREPRESENTATION

_____        The causes of action against Elizabeth Lee Hennessee for "Fraud or Negligent Misrepresentation" are dismissed because the First Amended Complaint does not comply with Rule 9(b) of the Federal Rules of Civil Procedure in that these claims have not been pled with the required particularity.

_____        The causes of action against Elizabeth Lee Hennessee for "Fraud or Negligent Misrepresentation" are pled with adequate particularity and comply with Rule 9(b) of the Federal Rules of Civil Procedure.

[SELECT ONE]

## TEXAS DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

_____        The cause of action against Elizabeth Lee Hennessee for violation of the Texas Deceptive and Unfair Trade Practices Act is dismissed because the First Amended Complaint does not comply with Rule 9(b) of the Federal Rules of Civil Procedure in that this claim has not been pled with the required particularity.

4

_____        The causes of action against Elizabeth Lee Hennessee for "violation of the Texas Deceptive and Unfair Trade Practices Act is pled with adequate particularity and complies with Rule 9(b) of the Federal Rules of Civil Procedure.

[SELECT ONE]

## SECTION 10b OF THE SECURITIES AND EXCHANGE ACT OF 1934 AND RULE 10B-5, PROMULGATED THEREUNDER

_____        The cause of action against Elizabeth Lee Hennessee for violation of Section 10b of the Securities and Exchange Act of 1934 and Rule 10b-5, promulgated thereunder, is dismissed because the First Amended Complaint does not comply with Rule 9(b) of the Federal Rules of Civil Procedure in that this claim has not been pled with the required particularity.

_____        The causes of action against Elizabeth Lee Hennessee for violation of Section 10b of the Securities and Exchange Act of 1934 and Rule 10b-5, promulgated thereunder, is pled with adequate particularity and complies with Rule 9(b) of the Federal Rules of Civil Procedure.

[SELECT ONE}

## TEXAS SECURITIES ACT

_____        The cause of action against Elizabeth Lee Hennessee for violation of the Texas Securities Act is dismissed for failure to state a claim upon which relief can be granted.

_____        The First Amended Complaint adequately states a claim upon which relief can be granted against Elizabeth Lee Hennessee for violation of the Texas Securities Act.

[SELECT ONE]

## NEGLIGENCE/GROSS NEGLIGENCE

_____        The causes of action against Elizabeth Lee Hennessee for "Negligence/Gross Negligence" are dismissed for failure to state a claim upon which relief can be granted.

5

_____ The First Amended Complaint adequately states a claim upon which relief can be granted against Elizabeth Lee Hennessee for "Negligence/Gross Negligence."

[SELECT ONE]

**BREACH OF FIDUCIARY DUTY**

_____ The cause of action against Elizabeth Lee Hennessee for breach of fiduciary duty is dismissed for failure to state a claim upon which relief can be granted.

_____ The First Amended Complaint adequately states a claim upon which relief can be granted against Elizabeth Lee Hennessee for breach of fiduciary duty.

ORDERED, this _____ day of May, 2006.

_____

Judge, United States District Court

Copies to:

SEAGAL V. WHEATLEY
Jenkens & Gilchrist,
*A Professional Corporation*
112 East Pecan, Suite 900
San Antonio, Texas 78209
(210) 246-5000
(210) 246-5999 (Fax)

ELLEN SESSIONS
Jenkens & Gilchrist
*A Professional Corporation*
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
(214) 855-4500
214) 855-4300 (Fax)

BENNETT FALK
Bressler, Amery & Ross, PC
Huntington Centre II
2801 SW 149th Avenue
Miramar, FL   33027
Telephone:  954-499-7979
Fax:  954-499-7969

Marvin G. Pipkin
Kortney Kloppe-Orton
PIPKIN, OLIVER & BRADLEY, LLP
1020 N.E. Loop 410, Suite 810
San Antonio, Texas   78205
Telephone:  201-820-0082
Fax:  210-820-0077