IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

JUN - 1 2006

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| TRAVIS CO. J.V., | § | |
| ROGER HILL, SR. and | § | |
| CHRISTOPHER HILL | § | |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | CASE NO. 06-CV-146 |
| | § | |
| HENNESSEE GROUP, L.L.C., | § | |
| ELIZABETH LEE HENNESSEE | § | |
| and CHARLES J. GRADANTE | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STAY CLAIMS PENDING ARBITRATION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Plaintiffs Travis Co. J.V., Roger Hill, Sr., and Christopher Hill (collectively, "Plaintiffs"), and file Plaintiffs' Reply in Support of Plaintiffs' Motion to Stay Claims Pending Arbitration, which responds to Defendants' Opposition to Plaintiffs' Motion to Stay Claims Pending Arbitration ("Defendants' Opposition"). In reply to Defendants' Opposition and in support of Plaintiffs' Motion to Stay, Plaintiffs state as follows:

1. Plaintiffs seek a stay of these proceedings against Lee Hennessee because of the pending NASD arbitration claims they have filed against her. As an initial matter, Defendants disparage Plaintiffs' NASD claims against Lee Hennessee as an attempt to run up litigation expenses for the Defendants. The truth is exactly the opposite – Plaintiffs want only to be made whole in a speedy and financially efficient way. They seek NASD arbitration because it is a quicker, less

1

formal, and therefore, less expensive forum. If Defendants were truly concerned about litigation costs, they would want to stay the claims against Lee Hennessee. Instead, they spend what they would have this court believe are their precious financially resources drafting lengthy briefs complaining that Plaintiffs' arbitration claim is not appropriate in an attempt to avoid a stay that the Federal Arbitration Act makes mandatory. All of Defendants' contentions regarding arbitability, however, are misplaced.

2.     First, Plaintiffs are entitled to bring their NASD arbitration against Lee Hennessee under the NASD rules. Defendants' first admit that NASD rules are interpreted broadly and do not require that a dispute submitted to arbitration arise out of the associated person's business with the member firm, but then ask the court to disregard this because of the special circumstances. The court should decline Defendants' invitation because construing NASD rules as Defendants suggest would be contrary to the federal policy favoring arbitration, *Washington Mutual Finance Group LLC v. Bailey,* 364 F.3d 260, 263 (5th Cir. 2004) – a policy on which Defendants themselves rely in seeking to argue in favor of AAA arbitration. Of course, what the Defendants request of the Court also would be contrary to established Fifth Circuit precedent. *See, California Fina Group, Inc. v. Herrin,* 379 F.3d 311 (5th Cir. 2004). As such, the "bifurcation" of the proceedings and any increased cost about which Defendants complain do not amount to the "exceptional circumstances" that would justify "imped[ing] arbitration of an arbitable dispute." *Tai Ping Co, Ltd. v. Warschau,* 731 F.2d 1141, 1146 (5th Cir. 1984).

3.     Next, Plaintiffs acknowledge that NASD Rule 10301(d)(2) prohibits NASD arbitration of claims encompassed by a class action, except where "a claimant demonstrates that it has elected not to participate in the putative or certified class action or . . . has complied with any

2

conditions for withdrawing from the class prescribed by the court." Plaintiffs point out, however, that the class action filed in Connecticut by the Broad-Bussel plaintiffs has not been certified. As such, no class exists in which the Plaintiffs could elect not to participate. Moreover, the unnamed putative class members have not even been notified of the action; and the court has not yet established a procedure by which Plaintiffs' could elect not to participate. Thus, applying NASD Rule 10301(d)(2) at this time to deny Plaintiffs' a right to arbitrate on this basis would be grossly unfair.

4.    Significantly, such an inequitable result is not mandated by any of the cases cited by Defendants. One of those courts faced a situation where the class had already been certified, *Liberte Capital Group, LLC. v. Capwill,* 148 Fed. Appx. 413, 415 (6th Cir. 2005); a second involved the member seeking to compel the client to arbitrate under paragraph (3) of Rule 10301(d), *Miron v. BDO Seidman, LLP,* 342 F.Supp. 324, 331 (E.D. Penn 2004); and the third case denied the member's motion to compel arbitration because the court held that there was no valid arbitration agreement, *Blythe v. Deutsche Bank AG,* 2005 WL 53281 at **5-6 (S.D.N.Y. Jan. 7, 2005).

5.    More importantly, the NASD rules does not apply to all of Plaitniffs' causes of action because not all of the causes of action in Plaintiffs' NASD Statement of Claims are "encompassed in" the putative class claims. For instance, Plaintiffs raise fraud and Texas Deceptive Practice Act claims against Lee Hennessee for misstatements she made to them. These statements not only do not, but could not, form the basis of the putative class claims because the statements were made personally to Plaintiffs, not to the class as a whole. In addition, Plaintiffs' NASD Statement of Claim asserts causes of action for securities law violations under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10(b)-5, and for Texas Securities Act violations that are not raised

3

by the putative class claims.

6.       Defendants also are wrong that Plaintiffs have agreed to arbitrate before AAA. While

the "arbitration agreement" in question states that all claims shall be brought in AAA arbitration, the

paragraph ends by stating that "Nothing in this Agreement shall bind either party to submit any

dispute to arbitration." This self-contradictory provision is not an enforceable agreement to arbitrate

before AAA or anywhere else. Further, since Hennessee Group drafted the "agreement," if it is

ambiguous, it must be construed against Hennessee Group (and against Lee Hennesse assuming she

is permitted to enforce it). *Bio-Medical Applications of Texas, Inc. v. BAP-FMC San Antonio,* 2006

WL 1149114 at *9 (W. D. Tex., April 4, 2006). The NASD Rules, on the other hand, do constitute

a valid agreement by an associated person such as Lee Hennessee to arbitrate Plaintiffs' claims

against her in the NASD. *Vestax Securities Corp. v. McWood,* 280 F.2d 1078, 1081 (6th Cir. 2002;

*Washington Square Securities, Inc. v. Aune,* 385 F.3d 432, 435 (4th Cir. 2004).

7.       But even if the arbitration clause in the Investment Advisory Agreement between

Hennessee Group and Roger Hill/Travis Co. were an enforceable agreement, the clause still should

not be enforceable against Christopher Hill who is not an "entity" for whom Roger Hill was acting

under a written "governing instrument" and whose own oral contract with Hennessee Group, did not

include an arbitration clause. Defendants' assertions that Chris Hill is seeking to keep the benefits of

his contract with Hennessee Group without taking the concomitant obligations assumes that Mr.

Hill's contract with Hennessee Group looks exactly like the written Investment Advisory Agreement

signed by Roger Hill. Christopher Hill has never taken any such position. Defendants' contention

that the agreements are the same is completely implausible given the likelihood that any oral

agreement would resemble the ten page Investment Advisory Agreement. Instead, Chris Hill has

alleged only that he has an oral contract with Hennessee Group by which he received investment advice and under which he had his hedge fund managers pay Hennessee Group fees on his behalf. The reference in the First Amended Complaint to Hennessee Group performing the "same services" for Chris Hill that are described in Travis Co.'s contract was simply an convenient, shorthand way of describing the services Chris Hill orally agreed to pay for based on the (largely) oral descriptions he was given of Hennessee Group's services. *See,* First Amended Complaint at p.4.

WHEREFORE, premises considered, Plaintiffs request that the Court stay all pending claims by Plaintiffs against Defendant Elizabeth Lee Hennessee pending arbitration before NASD.

Respectfully submitted,

PIPKIN, OLIVER & BRADLEY, L.L.P.
1020 N.E. Loop 410, Suite 810
San Antonio, Texas 78209
Telephone: (210) 820-0082
Facsimile: (210) 930-8500


By: _Kortney Kloppe-Orton_
     MARVIN G. PIPKIN
     State Bar No. 16026600
     KORTNEY M. KLOPPE-ORTON
     State Bar No. 00794104
     **ATTORNEYS FOR PLAINTIFFS**

## *CERTIFICATE OF SERVICE*

I hereby certify that a true and correct copy of the foregoing document has been sent via certified mail, return receipt requested, to the following counsel of record on this the 31 st day of May, 2006:

Seagal V. Wheatley
Jenkens & Gilchrist, P.C.
113 E. Pecan Street, Suite 900
San Antonio, Texas 78205-1533

Ellen Bush Sessions
Jenkens & Gilchrist, P.C.
1445 Ross Avenue, Suite 3200
Dallas, Texas  75202-2799

Bennett Falk,
Brian Amery,
Matt Wolper
Bressler, Amery & Ross, P.C.
2801 S.W. 149th Ave., Suite 300
Miramar, Florida 33027

Kortney M. Kloppe-Orton