FILED

2006 JUN 12 PM 12: 11

CLERK. U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

TRAVIS CO. J.V., )
ROGER C. HILL, SR., )
and CHRISTOPHER HILL, )
)
    Plaintiffs, )
) CIVIL ACTION NO. SA-06-CV-0146-FB
VS. )
)
HENNESSEE GROUP, LLC, ELIZABETH )
LEE HENNESSEE and CHARLES J. )
GRADANTE, )
)
    Defendants. )

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULES 10(b), 9(b) AND 12 (b)(6)

Defendants Hennessee Group, LLC ("Hennessee Group") Charles Gradante and Elizabeth Lee Hennessee ("Defendants"), hereby file their Reply in Support of their Motion to Dismiss the First Amended Complaint Pursuant to FRCP Rules 10(b), 9(b) and 12(b)(6).

1.    Beyond Plaintiffs' continued attempt to prod Defendants with contentious remarks, Plaintiffs' Response does not resolve the shortcomings of the First Amended Complaint. Plaintiffs' arguments are three fold: One, dismissal under FRCP Rule 10(b) is improper because Defendants have unclean hands. Two, Plaintiffs fraud claims are pled with the required particularity as against Charles Gradante and Elizabeth Lee Hennessee because the allegations create a "strong inference" that the same was "severely reckless." Finally, Plaintiffs contend that Charles Gradante and Elizabeth Lee Hennessee are individually liable for their own unintentional torts. Plaintiffs' Response is devoid of merit and, as a result, the First Amended Complaint should be dismissed.

2.      Defendants rest on their prior argument for dismissal under FRCP Rule 10(b), as

Plaintiffs concede that the First Amended Complaint is not in compliance with the rule.

However, Defendants will address two of the arguments raised in Plaintiffs' Response. Plaintiffs

allege that the undersigned law firm's inadvertent administrative error that caused a two day

delay in copying them on a letter written to the Judicial Panel on Multidistrict Litigation

somehow triggers the doctrine of unclean hands such that the FRCP should be construed liberally

in Plaintiffs' favor.   Plaintiffs even attempt to compare and rank our inadvertent error to

Plaintiffs' failure to properly organize the First Amended Complaint.[1]  Other than to point out

that the doctrine of unclean hands is an equitable doctrine that applies to <u>unconscionable</u> or

<u>unlawful</u> acts and that comparing infractions of the FRCP (inadvertent or otherwise) is

nonsensical, Defendants will not indulge Plaintiffs in further discussion of this issue. <u>See Lazy</u>

<u>M Ranch, Ltd. v. TXI Operations, LP</u>, 978 S.W.2d 678 (Tex. App.-Austin 1998).

3.      With respect to Plaintiffs' fraud based claims, *i.e.*, "Negligent Misrepresentation

or Fraud," Texas Deceptive and Unfair Trade Practices Act ("DUTPA") and 10b and 10b-5,

Plaintiffs' cite the following examples of allegedly actionable misrepresentations:

- Lee Hennessee ("Lee") told Roger that Hennessee Group performed extensive investigations of the hedge funds it recommended (First Amended Complaint p.2; Second Amended Complaint ¶ 14);

- Lee told Roger that Hennessee Group performed ongoing monitoring and due diligence of the hedge funds it recommended (First Amended Complaint p.3; Second Amended Complaint ¶ 14);

- Lee claimed that Hennessee Group's due diligence included review of a hedge fund's back office accounting (First Amended Complaint p.3; Second Amended Complaint ¶ 14);

---

[1] Since Plaintiffs raised this issue, the Court should be aware that Plaintiffs also inadvertently failed to serve a copy of their proposed scheduling order, motion to stay claims pending resolution of the NASD arbitration against Elizabeth Lee Hennessee or a courtesy copy of the statement of claim filed before the NASD until the undersigned informed Plaintiffs' counsel of these shortcomings. Although Defendants believed this issue had been laid to rest, Plaintiffs continue to bring it to the forefront.

- A letter from Lee and Charles on Hennessee Group's website highlights Hennessee Group's 'time tested advisory process,' 'proprietary research tools,' and 'depth of proprietary research and due diligence' (First Amended Complaint at p.4; Second Amended Complaint at ¶ 18); and

- Charles made false or misleading statements to Roger Hill indicating that Hennessee Group had investigated the connection between Bayou's CFO and Bayou's 'independent auditor' (First Amended Complaint at p.7; Second Amended Complaint at ¶ 30).

4.      None of purported misrepresentations were made in connection with the purchase and sale of the Bayou Superfund, the security at issue in this case, as is required by 10b and 10b-5. See Ganino v. Citizens Utilities Co., 228 F.3d 154, 161 (2d Cir. 2000).      Furthermore, inasmuch as Texas law applies to this action, with the exception of the fifth alleged misrepresentation, the statute of limitations bars Plaintiffs from seeking relief for "Negligence or Gross Negligence," breach of fiduciary duty, negligent misrepresentation, common law fraud, violation of the Texas DUTPA and violation of 10b and 10b-5 because the above-referenced alleged misrepresentations occurred more than four years prior to the filing of the original Petition and the First Amended Complaint. 28 U.S.C. § 1658(b)(1) (2 year statute of limitations for violation of 10b and 10b-5); Tex. Bus. & Com. Code § 17.565 (2 year statute of limitations for Texas DUTPA); Tex. Civ. Prac. & Rem. Code § 16.004(4) (4 year statute of limitations on common law fraud); § 16.004(5) (4 year statute of limitations on breach of fiduciary duty; § 16.003(a) (two year statute of limitations for negligence and negligent misrepresentation).

5.      The fourth purported misrepresentation – relating to general descriptions of Hennessee Group's diligence process posted on its website – is not an affirmative statement of fact as envisioned by the securities laws and is more akin to puffery, which is not actionable. Rombach v. Chang, 355 F.3d 164, 175 (2d Cir. 2004) (holding puffery is not actionable under securities laws).      The final purported misrepresentation also does not satisfy the pleading

requirements of FRCP Rule 9(b) or the PSLRA because the First Amended Complaint concedes that Charles Gradante's purported response to Roger Hill, Sr. regarding Bayou CFO Dan Marino's affiliation with Richmond-Fairfield (Bayou's auditing firm) was "true" but turned out to be irrelevant since Richmond-Fairfield was a sham auditor created by Marino. See First Amended Compl. at p. 7. Plaintiffs go on to say that "either Defendants accepted...lies by Bayou at face value...or Defendants knew that Bayou was lying and for some reason (perhaps because of referral fees Bayou was paying Hennessee Group)...chose to ignore the lies and recommend Bayou...anyway." See Id. This unsupported allegation does not support a finding of intent or recklessness and should be stricken pursuant to FRCP Rule 12(f).

6.      Contrary to Plaintiffs' Response, Plaintiffs have not properly alleged the element of scienter. In order to satisfy this element, Plaintiffs must allege facts sufficient to establish a "strong inference" that Charles Gradante and Elizabeth Lee Hennessee made an intentional misrepresentation or that their actions evidenced "severe recklessness." Nathenson v. Zonagen, Inc., 267 F.3d 400, 407 (5th Cir. 2001) (defining "severe recklessness" as "highly unreasonable omissions or misrepresentations demonstrating a severe departure from standards of ordinary care"); see also Greebel v. FTP Software, Inc., 194 F.3d 185, 195-196 (1st Cir. 1999) (holding that a "strong" rather than a "reasonable" inference of scienter is required to avoid dismissal).

7.      Plaintiffs contend that this elevated standard is satisfied by their conclusory allegation which suggests that had Defendants performed due diligence, they would have discovered that Sam Israel allegedly lied on his resume about his prior job experience and that Richmond-Fairfield was a sham auditing firm. See First Amended Compl. at 7; Response at 6. These allegations, and the fact that Charles Gradante and Elizabeth Lee Hennessee are the control persons of a small advisory firm, do not create a "strong inference" of intent or "severe

recklessness." Additionally, Plaintiffs have not alleviated the more prolific problem that Hennessee Group, not Charles Gradante or Elizabeth Lee Hennessee, was contracted to perform the challenged due diligence.[2] Therefore, these allegations relate to Hennessee Group rather than Charles Gradante and Elizabeth Lee Hennessee in their individual capacity. Accordingly, Plaintiffs' fraud based claims should be dismissed for failure to comply with the particularity requirements of FRCP 9(b) and the PSLRA (only as to the 10b and 10b-5 claims).

8.    Plaintiffs further assert that "Defendants' [sic] blatantly misstate Texas law when they argue that 'because, at all times, they were acting within the regular course and scope of their employment with Hennessee Group,' they cannot be liable to Plaintiffs for negligence, gross negligence, breach of fiduciary duty, fraud or negligent misrepresentation." See Response at p. 7. A more careful reading of Defendants' Motion to Dismiss reveals that Defendants conceded that under Texas law (without conceding its applicability), a corporate officer or employee can be held personally liable for torts only if he or she owes an independent duty of care to the plaintiff. Defendants' point was and still is that, other than the conclusory allegations mentioned above, Plaintiffs have not alleged any facts tending to show that Charles Gradante and Elizabeth Lee Hennessee owed an independent duty of care to Plaintiffs and they have not otherwise pled a basis to disregard the corporate entity. The fact that Charles Gradante and Elizabeth Lee Hennessee are purported investment advisor representatives is not dispositive. The controlling issue is whether Plaintiffs have adequately alleged that the challenged investment advice relating to the Bayou Superfund was provided by Hennessee Group, the entity, or Charles Gradante or Elizabeth Lee Hennessee in their individual capacity, or both. Leitch v. Hornsby, 935 S.W.2d 114, 117 (Tex. 1986). Even a liberal reading of the First

---

[2] On page 9 of the Response (above the conclusion), Plaintiffs refer exclusively to their Second Amended Complaint. The Second Amended Complaint is not the subject of this motion and Defendants request that the Court strike this entire page, above the conclusion.

795127_1                                    5

Amended Complaint suggests that all investment advice came from Hennessee Group and, thus, neither individual owed an independent duty of care to Plaintiffs.[3]

WHEREFORE, Defendants respectfully request that the Court enter an Order Dismissing the First Amended Complaint pursuant to FRCP Rule 10(b) and further dismissing the First Amended Complaint pursuant to FRCP Rules 9(b) and 12(b)(6).

Respectfully submitted,

By:_____

BENNETT FALK
BRIAN AMERY
Bressler, Amery & Ross, PC
Huntington Centre II
2801 SW 149th Avenue
Miramar, FL  33027
Telephone:  954-430-7811 (Falk)
Fax:  954-499-7969

SEAGAL WHEATLEY
Jenkens & Gilchrist, P.C.
112 East Pecan, Suite 900
San Antonio, Texas 78209
Telephone:  210-246-5000
Fax:  210-246-5999

ELLEN SESSIONS
Jenkens & Gilchrist, P.C.
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Telephone:  210-855-4500
Fax:  214-855-4300

Attorneys for Defendants HENNESSEE
GROUP LLC, ELIZABETH LEE
HENNESSEE AND CHARLES
GRADANTE

---

[3] Defendants should point out that Plaintiffs' Response does not dispute that the Texas Securities Act is inapplicable as it relates to Charles Gradante and Elizabeth Lee Hennessee and ask that the Court dismiss this claim, as against the same.

795127_1                                     6

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>12th</u> day of June, 2006, a copy of the foregoing Reply in Support of Defendants' Motion to Dismiss the First Amended Complaint Pursuant to FRCP Rules 10(b), 9(b) and 12(b)(6) was forwarded to the following counsel of record by certified mail, return receipt requested.

Marvin G. Pipkin
Kortney M. Kloppe-Orton
PIPKIN, OLIVER & BRADLEY, LLP
1020 N.E. Loop 410, Suite 810
San Antonio, Texas   78205

Seagal Wheatley (by permission) by yd