UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————— :
                                                          :
                                                          :
IN RE BAYOU HEDGE FUND INVESTMENT   :        06 MD 1755 (CM)
LITIGATION                                            :
                                                          :
                                                          :
————————————————————— :
                                                          :
THIS DOCUMENT RELATES TO:                 :
—————————————————————  :
                                                          :
                                                          :
—————————————————————  :
                                                          :
TRAVIS CO. J.V.                                       :
ROGER HILL, SR. and                             :
CHRISTOPHER HILL,                              :
                                                          :
            Plaintiffs,                                  :
                                                          :        7:06-CV-11328-CM
                                                          :
                                                          :
            vs.                                            :
                                                          :
HENNESSEE GROUP LLC,                       :        ORAL ARGUMENT REQUESTED
ELIZABETH LEE HENNESSEE               :
And CHARLES GRADANTE                    :        **Electronically Filed**
                                                          :
            Defendants.                               :
—————————————————————  :

---

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY THIS PROCEEDING
AND COMPEL ARBITRATION OF PLAINTIFFS' CLAIMS**

---

                                    BRESSLER, AMERY & ROSS
                                    A Professional Corporation
                                    2801 SW 149th Avenue, Suite 300
                                    Miramar, Florida 33027

On the Brief:
        Bennett Falk
        Matthew Plant
        Matthew Wolper

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS .................................................................................................. 2

LEGAL ARGUMENT......................................................................................................... 5

POINT I .............................................................................................................................. 5

POINT II ............................................................................................................................. 12

CONCLUSION.................................................................................................................... 13

## TABLE OF AUTHORITIES

**Page**

<u>CASES</u>

<u>AT&T Tech., Inc. v. Communications Workers of America,</u>
    475 U.S. 643, 650, 106 S.Ct. 1415, 1419, 89 L. Ed.2d 648 (1986)..........................................10

<u>Barbier v. Shearson Lehman Hutton, Inc.,</u> 948 F.2d 117 (2d. Cir. 1991) .......................................9

<u>Best Concrete Mix Corp. v. Lloyd's of London Underwriters,</u>
    413 F. Supp.2d 182, 197 (E.D.N.Y. 2006) ..............................................................................5

<u>Chaitman v. Wolf, Haldenstein, Adler, Freeman & Hertz, LLP,</u> No. 03 CI. 929, 2004
    WL 2471372, *4 (S.D.N.Y. Nov. 3, 2004)...............................................................................8

<u>Choctaw Generation Ltd. P'ship v. Am. Home Assurance Co.,</u> 271 F.3d 403, 304
    (2d Cir. 2001).............................................................................................................................8

<u>Congressional Securities, Inc. v. Fiserv Securities, Inc.,</u>
    No. 03-CV-6141, CJS 2004 WL 1574562 (W.D.N.Y. June 21, 2004) ....................................9

<u>Dean Witter Reynolds, Inc. v. Byrd,</u>
    470 U.S. 213, 105 S. Ct. 1238, 84 L. Ed. 2d 158 (1985) ....................................................6, 12

<u>Dougherty v. Mieczkowski,</u> 661 F. Supp. 267, 275 (D. Del. 1987 .................................................7

<u>EEOC v. Waffle House, Inc.,</u> 534 U.S. 279, 297, 122 S.Ct. 754 (2002)........................................11

<u>Goodridge v. Harvey Group, Inc.,</u> 778 F. Supp. 115, 130 (S.D.N.Y. 1991) ..................................7

<u>Hickox v. Friedland,</u> No. 01-CIV-2005, 2001 WL 1490696 *9 (S.D.N.Y. Nov. 21, 2001) .......5,6

<u>In re American Express Merchants Litigation,</u> No. 03 CV 9592, 2006 WL 662341, *3-4
    (S.D.N.Y. Mar. 16, 2006) .......................................................................................................11

<u>MAG Portfolio Consult v. Merlin Biomed Group, LLC,</u>
    268 F.3d 58, 61 (S.D.N.H. 2001) ............................................................................................6

<u>Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,</u>
    460 U.S. 1, 103 S. Ct. 927 (1983) .........................................................................................10

<u>Roby v. Corp. of</u> Lloyd's, 996 F.2d 1353, 1360 (2d. Cir. 1993) .....................................................8

<u>Rodriguez de Quijas v. Shearson/Lehman Brothers,</u>
    845 F.2d 1296 (5th Cir.) <u>aff'd,</u> 490 U.S. 477, 109 S. Ct. 1917, 104  L. Ed. 2d 526 (1989) ..5, 6

S.A. Mineracao da Trindade-Samitri v. Utah International, Inc.,
        745 F.2d 190 (2d Cir. 1984) ........................................................................10

Scher v. Bear Stearns & Co.,
        723 F. Supp. 211, 216-217 (S.D.N.Y. 1989) ...........................................8

Shearson/American Express, Inc. v. McMahon,
        482 U.S. 220, 107 S. Ct. 2332, 96 L. Ed. 2d 185 (1987) ....................9, 11

Souter v. Tatro, No. 03-CV-6141 CJS, 2004 WL 1574562 (W.D.N.Y. June 21, 2004) ...............9

Thomson-CSF v. American Arbitration Association,
        64 F.3d 773, 776 (2d Cir. 1995) .............................................................5, 6

## STATUTES

9 U.S.C. § 2 .........................................................................................................9

9 U.S.C. § 3 ......................................................................................................1, 12

9 U.S.C. § 4 ......................................................................................................1, 10

## PRELIMINARY STATEMENT

Defendants Hennessee Group, LLC ("Hennessee Group"), Charles Gradante and E. Lee Hennessee (collectively referred to as "Defendants"), submit this brief in support of their Motion to Compel Arbitration, pursuant to Section 4 of the Federal Arbitration Act ("FAA").  See 9 U.S.C. § 4 (2005).  Defendants further request a stay of the claims against them pending completion of the arbitration pursuant to Section 3 of the FAA.  See 9 U.S.C. § 3.

Defendant Hennessee Group and Roger Hill, Sr. executed an Investment Advisory Agreement ("Agreement") expressly mandating that any disputes between Hennessee Group and Roger Hill, Sr. or any entity for which Roger Hill, Sr. is authorized to "retain Hennessee and to make investments in hedge funds" be submitted to arbitration before the American Arbitration Association.  Plaintiff Travis Co., J.V. is one such entity in which Roger Hill, Sr. was authorized to and did retain Hennessee Group for the purpose of investing in hedge funds.

Plaintiff Christopher Hill, a non-signatory to the Agreement, is also required to arbitrate his disputes with Defendants because he has "exploited" the Agreement containing the arbitration clause.  First, Christopher Hill has retained (and continues to retain) the benefits of the Agreement by filing a breach of contract claim against Hennessee Group and attempting to use the provisions of the Agreement offensively in this litigation.  Second, Plaintiff Travis Co. J.V. is a "partnership that serves as an investment vehicle for members of the Hill family" and Christopher Hill is a limited partner of Travis Co. J.V., Ltd., one of two general partners of Plaintiff Travis Co., J.V.  Thus, Christopher Hill also retains a financial benefit from the Agreement as a beneficiary of the investments made by Plaintiff Travis Co. J.V.  Finally, Christopher Hill made all of his hedge fund investments, including his investment in the Bayou Superfund, as a result of the consulting services provided by Hennessee Group, pursuant to the

Agreement.   After enjoying all of the benefits of the Agreement, Christopher Hill is estopped

from avoiding its arbitration clause.

As the claims against Defendants relate to the consulting services provided by Hennessee

Group in connection with Plaintiffs' investment in the Bayou Superfund, Plaintiffs' claims are

also within the scope of the arbitration clause entered into between Roger Hill, Sr. and

Hennessee Group and which is also binding upon Travis Co. J.V. and Christopher Hill.

Accordingly, this Court should order Plaintiffs' claims to arbitration and stay this action pending

completion of the arbitration.

## STATEMENT OF FACTS

On or about April 4, 2001, Roger Hill, Sr. and Hennessee Group entered into an

Investment Advisory Agreement ("Agreement").   See ¶ 3 of the Decl. of Charles Gradante and

the Agreement attached thereto as Exhibit A.   Pursuant to the Agreement, Hennessee Group

agreed to provide hedge fund advisory services to Roger Hill, Sr. "and all other entities, that may

invest in hedge funds, for which Mr. Roger Hill is authorized under the terms of any applicable

plan, trust, partnership agreement or other governing instrument and by any applicable law to

retain Hennessee and to make investments in hedge funds."   See ¶ 4 of the Gradante Decl. and

Exhibit A thereto.   One such entity is Plaintiff Travis Co. J.V.   During the relevant time period,

Roger Hill, Sr. did not make individual investments in hedge funds through advice provided by

Hennessee Group.   See ¶ 4 of the Gradante Decl.

The Agreement contains an arbitration clause and a choice of law provision:

### SECTION XIV:  ARBITRATION

> Any disputes arising under this Agreement or, with respect to its
> interpretation, shall be submitted to arbitration before a panel of
> three arbitrators selected under the Rules of the American
> Arbitration Association and such arbitration shall be conducted in
> accordance with the commercial arbitration rules of said

Association. Each of the parties shall be entitled to select one arbitrator; those two arbitrators shall select the third arbitrator. The ruling of said panel shall be binding in all respects and judgment thereon may be entered in any court having jurisdiction. Nothing in this Agreement shall bind either party to submit any dispute to arbitration with respect to which such party is entitled to have litigated in a court of competent jurisdiction.

\* \* \* \*

SECTION XIII: GOVERNING LAW

This Agreement will be governed by and construed in accordance with the laws of the State of New York without giving effect to any conflict or choice of law provisions of that State, provided that nothing in this Agreement will be construed inconsistent with the Investment Advisers Act, or any rule or order of the Securities and Exchange Commission under the Investment Advisers Act.

See ¶ 5 of the Gradante Dec. and Exhibit A thereto.

Pursuant to the Agreement, Hennessee Group began providing Plaintiffs (including Christopher Hill) with hedge fund advisory services. See ¶ 3 of the Decl. of Matthew Wolper and Ex. A at pp. 5-6, attached thereto. Although Christopher Hill was not utilizing Hennessee Group's services at the time Roger Hill, Sr. executed the Agreement, soon thereafter Roger Hill, Sr. requested that his children, Bruce Hill and Christopher Hill, receive consulting services from Hennessee Group, pursuant to the same terms and conditions as provided for in the Agreement. See ¶ 7 of the Gradante Decl. Indeed, Christopher Hill and Bruce Hill received investment advisory services pursuant to the terms of the Agreement and never objected to any of the terms and conditions contained therein. See Id.

Among the hedge funds in which Plaintiffs invested was the Bayou Superfund, a hedge fund managed by Bayou Management, LLC ("Bayou") and Samuel Israel. See Decl. of Matthew Wolper and Ex. A at p. 6, attached thereto. In July 2005, Bayou announced that it was closing its operations and returning investors' money. Soon thereafter, it was discovered that Bayou had

perpetrated a fraud and had no intention of returning investors' money. Samuel Israel and his cohort, Bayou CFO Daniel Marino, have since pled guilty to several criminal violations and are awaiting sentencing before this Court.

On or about December 30, 2005, Travis Co. J.V., Roger Hill, Sr. and Bruce Hill filed a Petition in Texas state court. See generally Pls.' Pet. After Defendants removed the case to federal court in the United States District Court, Western District of Texas, Plaintiffs Travis Co., J.V., Roger Hill, Sr. and Christopher Hill filed their First Amended Complaint on or about April 17, 2006.[1] See ¶ 3 of the Decl. of Matthew Wolper and Ex. A, attached thereto. The First Amended Complaint purports to seek relief from Defendants for "Negligence/Gross Negligence," "Fraud or Negligent Misrepresentation," breach of fiduciary duty, violation of the Texas Securities Act, violation of the Texas Deceptive and Unfair Trade Practices Act and violation of Section 10(b) of the Securities and Exchange Act of 1934, and Rule 10b-5, promulgated thereunder. Id. Additionally, Plaintiffs, including Christopher Hill, alleged a cause of action against Hennessee Group for breach of contract, all based on Hennessee Group's purported breach of the Agreement. Id.

## LEGAL ARGUMENT

I.    **THE INVESTMENT ADVISORY AGREEMENT REQUIRES THAT PLAINTIFFS' CLAIMS BE RESOLVED THROUGH ARBITRATION**

Plaintiffs' claims against Defendants fall squarely within the scope of the valid arbitration clause contained within the Agreement entered into between Roger Hill, Sr. and Hennessee Group and which is binding on Travis Co. J.V. and Christopher Hill. The claims against Charles Gradante and Elizabeth Lee Hennessee in their individual capacity are also within the purview of

---

[1] When Plaintiffs filed their First Amended Complaint, Bruce Hill was dropped as a plaintiff and Christopher Hill was added as a plaintiff.

that Agreement.    Accordingly, Plaintiffs' claims against Defendants should be compelled to arbitration and this action should be stayed pending completion of said arbitration.

**A.    Plaintiffs Travis Co. J.V. And Christopher Hill, Non-Signatories To The Agreement, Are Nonetheless Bound By Its Arbitration Clause**

The Second Circuit has consistently held that non-signatories are bound by arbitration agreements under general principles of contract and agency law.    See Thomson-CSF v. American Arbitration Association, 64 F.3d 773, 776 (2d Cir. 1995) (holding that a non-signatory is bound by an arbitration agreement under the following theories:  Incorporation by reference, assumption, **estoppel**, agency and veil piercing/alter ego) (emphasis added); see also Hickox v. Friedland, No. 01-Civ.2025, 2001 WL 1490696, *9 (S.D.N.Y. Nov. 21, 2001) (holding that a non-signatory was estopped from challenging the arbitration clause when he knowingly accepted the benefit of the agreement containing the arbitration clause); see also Best Concrete Mix Corp. v. Lloyd's of London Underwriters, 413 F. Supp.2d 182, 187 (E.D.N.Y. 2006) (non-signatory was bound by an arbitration clause under principles of estoppel where the non-signatory retained a direct benefit from the agreement containing the arbitration clause and, knowing of said clause, failed to object).

As mentioned above, the Agreement provides that Roger Hill, Sr. and "all other entities, that may invest in hedge funds, for which Mr. Hill is authorized…to retain Hennessee and to make investments in hedge funds" are bound by the Agreement.    See ¶ 4 of the Gradante Decl. and Exhibit A thereto.  Roger Hill, Sr. is authorized to (and did) use Travis Co. J.V. as a vehicle in which to invest in hedge funds.  See ¶ 6 of the Decl. of Charles Gradante; ¶ 3 of the Decl. of Matthew Wolper and Ex. A at p. 3, attached thereto.  During the relevant time period, Roger Hill, Sr. did not invest in hedge funds individually.  Rather, he invested through Travis Co. J.V.

Therefore, under the express terms of the Agreement, Plaintiff Travis Co. J.V. is bound by the arbitration clause.

Christopher Hill is bound by the arbitration clause under principles of estoppel and ratification. See Thomson-CSF, 64 F.3d at 776; Hickox, No. 01-Civ.2025, 2001 WL 1490696, *9. Under the estoppel theory, a non-signatory who knowingly "exploits" the agreement containing the arbitration clause is estopped from avoiding arbitration in a manner consistent with its terms. See MAG Portfolio Consult v. Merlin Biomed Group, LLC, 268 F.3d 58, 61 (S.D.N.Y. 2001). To prevail, it is sufficient to demonstrate that Christopher Hill "knowingly exploited the contract and thereby received a direct benefit from the contract." Id. at 62, citing Thomson-CSF, 64 F.3d at 778.

Christopher Hill retained (and continues to retain) a financial benefit from the investment consulting services provided by Hennessee Group pursuant to the Agreement. Christopher Hill is a limited partner of "Travis Co. J.V., Ltd.," one of two general partners of Plaintiff Travis Co. J.V. and the Hill family members admittedly utilized Travis Co. J.V. as a vehicle to make investments, including investments in hedge funds. See ¶ 5 of the Decl. of Charles Gradante; ¶ 3 of the Decl. of Matthew Wolper and Ex. A at p. 3, attached thereto. While Christopher Hill also purports to have made individual investments in the Bayou Superfund, this fact only underscores his "exploitation" of the Agreement. All of Christopher Hill's causes of action, including the breach of contract claim, flow directly from the Investment Advisory Agreement and the consulting services outlined therein. Furthermore, all of the consulting services provided by Hennessee Group, LLC to Plaintiffs and any hedge fund investments made by Christopher Hill were pursuant to the Agreement. Otherwise, Christopher Hill would not have had lawful access to Hennessee Group's proprietary hedge fund research. Christopher Hill has clearly retained the

benefits of the Agreement and is therefore estopped from avoiding the specific language of the arbitration clause. See Goodridge v. Harvey Group, Inc., 778 F. Supp. 115, 130 (S.D.N.Y. 1991) (holding that a party cannot disavow those portions of a contract which it finds most odious and utilize only those portions which are beneficial).

At the very least, Christopher Hill ratified the terms and conditions of the Agreement by accepting consulting services from Hennessee Group with knowledge that said services were being provided to him pursuant to the Agreement. Dougherty v. Mieczkowski, 661 F. Supp. 267, 275 (D. Del. 1987) (holding that a party may ratify an agreement containing an arbitration clause through conduct). Christopher Hill understood that, when he received consulting services from Hennessee Group, it was being done pursuant to the terms and conditions of the Agreement and not based upon some vague oral agreement, as Plaintiffs now contend.

Accordingly, Plaintiffs are each bound by the arbitration clause contained within the Agreement.

**B.     As Employees And Agents Of Hennessee Group, Charles Gradante And Elizabeth Lee Hennessee Are Covered Under The Agreement**

Charles Gradante and Elizabeth Lee Hennessee may also compel arbitration of the claims against them in their individual capacity. Indeed, a plaintiff-signatory is "estopped from avoiding arbitration with a [nonsignatory] when the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed." Chaitman v. Wolf, Haldenstein, Adler, Freeman & Hertz, LLP, No. 03 CI. 929, 2004 WL 2471372, *4 (S.D.N.Y. Nov. 3, 2004), quoting Choctaw Generation Ltd. P'ship v. Am. Home Assurance Co., 271 F.3d 403, 404 (2d. Cir. 2001); Roby v. Corp. of Lloyd's, 996 F.2d 1353, 1360 (2d.Cir. 1993) (holding that "employees or disclosed agents of an entity that is a party to an arbitration agreement are protected by that agreement"); Scher v. Bear Stearns & Co., 723 F. Supp. 211,

216-217 (S.D.N.Y. 1989) (holding that employee of brokerage firm was bound by an arbitration agreement entered into between the brokerage firm and its customer).

Plaintiffs' claims against Charles Gradante and Elizabeth Lee Hennessee in their individual capacity are intertwined with the Agreement because they directly relate to the investment advisory services provided by Hennessee Group and there is no separation between the claims against each of the three named Defendants.    Therefore, Charles Gradante and Elizabeth Lee Hennessee are covered under the Agreement and may compel arbitration of Plaintiffs' claims.

## C.    The Arbitration Clause Contained Within The Agreement Is Governed By The Federal Arbitration Act

The FAA governs the enforceability of the arbitration clause contained within the Agreement executed by the parties.  See 9 U.S.C. § 1, *et. seq*. (2005).  The FAA applies to all contracts evidencing a transaction involving commerce.

Section 2 of the FAA, provides in relevant part:

> A written provision in any maritime transaction or a contract evidencing a transaction **involving commerce** to settle by arbitration a controversy thereafter arising out of such contract or transaction…shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

See 9 U.S.C. § 2 (emphasis added).

The arbitration clause at issue is part of the Agreement wherein Hennessee Group agreed to provide hedge fund advisory services to Roger Hill, Sr. and Travis Co. J.V. and, in which Christopher Hill also seeks to enforce against Hennessee Group.  Indeed, the courts have held that disputes involving securities transactions constitute "transactions involving commerce" as envisioned by Section 2 of the FAA.  See Barbier v. Shearson Lehman Hutton, Inc., 948 F.2d 117 (2d Cir. 1991) (holding that securities transactions involve "commerce" and are controlled

by the FAA); <u>Congressional Securities, Inc. v. Fiserv Securities, Inc.</u>, No. 02 Civ. 6593(JSM), 2003 WL 21664678 (S.D.N.Y. July 15, 2003) (holding the same); <u>Souter v. Tatro</u>, No. 03-CV-6141 CJS, 2004 WL 1574562 (W.D.N.Y June 21, 2004) (holding the same); <u>see also</u> <u>Shearson/American Express, Inc. v. McMahon</u>, 482 U.S. 220, 237 107 S. Ct. 2332, 2343, 96 L.Ed.2d 185 (1987) (holding that 10b-5 claims by their very nature require a "transaction involving commerce" and are subject to the FAA).   Therefore, the FAA is controlling of the arbitration clause between the parties.

**D.     Plaintiffs' Claims Are Within The Scope Of The Arbitration Clause Contained Within The Agreement**

Section 4 of the FAA, authorizes the district court to order a recalcitrant party to arbitrate a controversy pursuant to the terms of a written arbitration agreement.   The statute provides, in relevant part:

> A party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

<u>See</u> 9 U.S.C. § 4.

The FAA reflects the strong public policy favoring arbitration of disputes – a policy that requires that any doubt be resolved in favor of arbitration.   The United States Supreme Court stated in <u>Moses H. Cone Memorial Hospital v. Mercury Construction Corp.</u>, 460 U.S. 1, 103 S. Ct. 927 (1983):

> The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability.

Moses H. Cone, 460 U.S. at 25-26, 103 S. Ct. at 941; AT&T Tech., Inc. v. Communications Workers of America, 475 U.S. 643, 650, 106 S. Ct. 1415, 1419, 89 L. Ed.2d 648 (1986) (holding that an arbitration clause should be enforced unless it can be said with positive assurance that the dispute is not covered by the agreement); S.A. Mineracao da Trindade-Samitri v. Utah Int'l, Inc., 745 F.2d 190, 194 (2d Cir. 1984) (holding that "arbitration should be ordered 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute'"); see also EEOC v. Waffle House, Inc., 534 U.S. 279, 294, 122 S. Ct. 754 (2002) (holding that ambiguities should be resolved in favor of arbitration); In re American Express Merchants Litigation, No. 03 CV 9592, 2006 WL 662341, *3-4 (S.D.N.Y. Mar. 16, 2006) (holding the same).

In the instant matter, the Agreement requires that Plaintiffs arbitrate "[a]ny disputes arising under this Agreement or, with respect to its interpretation." See Exhibit A (Sect. XIV) to the Gradante Dec. There is no doubt that the claims alleged in the First Amended Complaint against Defendants fall within the scope of the Agreement. The First Amended Complaint alleges, *inter alia*, that Hennessee Group advised Plaintiffs to invest in the Bayou Superfund. Plaintiffs contend that in rendering this investment advice, Defendants perpetrated a fraud and/or deceit, committed negligence, breached fiduciary duties to Plaintiffs and that Hennessee Group breached its contract with Plaintiffs – *i.e.* – the Agreement. All such claims arise "under" the Agreement and are therefore subject to arbitration.

Furthermore, the Supreme Court has emphasized its preference for arbitration in the context of securities disputes. See Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 226, 107 S. Ct. 2332, 96 L. Ed.2d 185 (1987) (holding that "the [Federal] Arbitration Act establishes a 'federal policy favoring arbitration'" and that said policy applies to securities

disputes); <u>Dean Witter Reynolds, Inc. v. Byrd</u>, 470 U.S. 213, 218, 105 S. Ct. 1238, 1241, 84 L. Ed.2d 158 (1985) (holding the "Arbitration Act requires district courts to compel arbitration of pendent arbitration claims ... even where the result would be ... inefficient maintenance of separate proceedings in different forums"); <u>Rodriguez de Quijas v. Shearson/Lehman Brothers</u>, 845 F.2d 1296 (5th Cir.) <u>aff'd</u> 490 U.S. 477, 109 S. Ct. 1917, 104 L. Ed. 2d 526 (1989) (Court affirmed the 5th Circuit's reversal of a lower court's ruling, denying arbitration of claims brought under the Securities and Exchange Act of 1933).

Under this legal framework, the Agreement's arbitration clause constitutes a valid and enforceable agreement to arbitrate, requiring Plaintiffs to resolve their disputes with Defendants through arbitration. Accordingly, Defendants request that the Court enter an order compelling Plaintiffs to arbitration.

## II.    UPON SATISFYING ITSELF THAT THE CLAIMS ARE WITHIN THE SCOPE OF THE AGREEMENT, THE COURT MUST STAY THIS PROCEEDING PENDING RESOLUTION OF THE ARBITRATION

Since Plaintiffs' claims against Defendants are arbitrable, Section 3 of the FAA, requires this Court to stay this proceeding and order Plaintiffs' claims to arbitration. Section 3 of the FAA provides, in relevant part that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement...

<u>See</u> 9 U.S.C. § 3.

This section is mandatory, rather than permissive. The court need only satisfy itself that "the issue involved in such suit or proceeding is referable to arbitration under such an

agreement." <u>Id.</u>   Once that determination has been made, the court is required to compel arbitration and stay the action.  <u>Dean Witter Reynolds, Inc. v. Byrd</u>, 470 U.S. 213, 218, 105 S. Ct. 1238, 1241, 84 L.Ed.2d 158 (1985) (holding that the FAA mandates that the district courts "shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed").

Accordingly, because the causes of action against Defendants are within the scope of the arbitration clause contained within the Agreement, this Court must compel Plaintiffs' claims to arbitration and stay this action pending resolution of the arbitration.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court stay all proceedings against Defendants and compel Plaintiffs to arbitration in a manner consistent with the Agreement.

Dated:  November 8th, 2006

Respectfully submitted,

By: _____ /S/ _____
      Bennett Falk (BF 5539)
      Matthew E. Wolper (MW 8835)
      Matthew C. Plant  (MP 0328)
      BRESSLER, AMERY & ROSS
      2801 SW 149th Avenue, Suite 300
      Miramar, Florida 33027
      (954) 499-7979
      (954)-499-7969
      mwolper@bressler.com
      Attorneys for Defendants
      Hennessee Group LLC,
      Elizabeth Lee Hennessee and
      Charles Gradante

## CERTIFICATE OF SERVICE

I hereby certify that on November 8th, 2006, a copy of the *Brief in Support of Defendants' Motion to Stay This Proceeding And Compel Arbitration of Plaintiffs' Claims* was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____/S/_____<br>
Bennett Falk (BF 5539)