UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BAYOU HEDGE FUND INVESTMENT LITIGATION | 06 MD 1755 (CM) |
| THIS DOCUMENT RELATES TO: | |
| TRAVIS CO. J.V. ROGER HILL, SR. and CHRISTOPHER HILL, Plaintiffs, vs. HENNESSEE GROUP LLC, ELIZABETH LEE HENNESSEE And CHARLES GRADANTE Defendants. | 7:06-CV-11328-CM  **Electronically Filed** |

STATE OF FLORIDA        )
                        ) ss.:
COUNTY OF BROWARD       )

Pursuant to 28 U.S.C. § 1746(2) (2004), I declare under penalty of perjury that the foregoing is true and correct:

1. My name is Matthew Wolper. I am more than 18 years of age and understand the nature and obligation of an oath. I have personal knowledge of the facts and statements contained in this Declaration and each of them is true and correct. I am an attorney representing Hennessee Group, LLC, Charles Gradante and Elizabeth Lee Hennessee.

2. I submit this Declaration in support of Elizabeth Lee Hennessee's Brief in Support of Defendant Elizabeth Lee Hennessee's Motion for Injunctive Relief and the Imposition

817701_1

of a Stay of Plaintiffs' NASD Arbitration Pending Resolution of the Motions Now Pending Before.

3. On December 30, 2005, Travis Co. J.V., Roger Hill, Sr. and Bruce Hill filed their Petition against Defendants in Texas state court. After the case was removed to federal court in the United States District Court, Western District of Texas, Plaintiffs Travis Co., JV, Roger Hill, Sr. and Christopher Hill ("Plaintiffs") filed their First Amended Complaint, seeking to recover losses they allegedly realized in the Bayou Superfund, a hedge fund managed by Bayou Management, LLC (referred to as the "Court Action"). See First Am. Compl., attached hereto as Ex. A.

4. On April 18, 2006, the Judicial Panel on Multidistrict Litigation ("JPMDL") issued its "Transfer Order," centralizing four – then pending – Bayou related lawsuits before the Court. Plaintiffs' lawsuit was not among the Bayou related cases centralized pursuant to the Transfer Order because it had not yet been filed at the time of the petition for centralization.

5. On April 21, 2006, only three days after the JPMDL issued its Transfer Order, Plaintiffs bifurcated the proceeding and filed an NASD Arbitration solely against Defendant Elizabeth Lee Hennessee in her individual capacity.[1] The NASD Arbitration is captioned *Travis Co., J.V., Roger Hill, Sr. and Christopher Hill v. Elizabeth Lee Hennessee*, NASD Case No. 06-02089, and is pending in Houston, Texas.

6. Within days after filing their Statement of Claim with the NASD, Plaintiffs filed a Motion to Stay Claims [against Elizabeth Lee Hennessee] Pending Arbitration in the Western District of Texas. See Pls' Mot. to Stay Claims Pending Arbitration, attached hereto as Ex. B. Defendants opposed Plaintiffs' Motion to Stay Claims Pending Arbitration on the following grounds: (1) NASD Code of Arbitration Procedure Rule 10301(d)(2) precludes Plaintiffs, as members of the Putative Class Action captioned *Broad Bussel Family Ltd. P'Ship, et. al. v. Bayou Group, LLC, et. al.*, MDL Docket 1755, from pursuing claims in an NASD arbitration that are encompassed by a putative or certified class action, (2) the arbitration clause contained within the Investment Advisory Agreement executed by and/or binding on Plaintiffs provides for arbitration before the American Arbitration Association, not the NASD, and (3) Plaintiffs' NASD claims are outside the scope of Elizabeth Lee Hennessee's activities with the Bank of New York. See Defs.' Opp. to Pls' Mot. to Stay Claims Pending Arbitration, attached hereto as Ex. C. Plaintiffs' Motion to Stay Claims Pending Arbitration (initially filed before Judge Biery in the Western District of Texas) is now pending before this Court.

---

[1] Elizabeth Lee Hennessee Holds a series 7 license which is and was current at the Bank of New York ("BONY"). None of the claims in this matter revolve around or touch upon her association with BONY.

7. On or about June 19, 2006, pursuant to NASD Code of Arbitration Procedure Rule 10301(d)(2), Defendant Elizabeth Lee Hennessee petitioned this Court to determine the eligibility of Plaintiffs' claims for NASD arbitration in light of the fact that their claims are encompassed by the *Broad Bussel* putative class action. See Elizabeth lee Hennessee's Petition to Determine Eligibility of Claims for NASD Arbitration, attached hereto as Exhibit D.

8. On or about June 29, 2001, Plaintiffs wrote a letter to your honor purporting to "opt-out" of only the "Hennessee sub-class" within the *Broad Bussel* putative class action. On August 1, 2001, Plaintiffs again wrote your honor stating that "the Hill Claimants request that their opt out be construed to apply to all class claims that have been alleged in the *Broad Bussel* litigation, regardless of the defendants against whom the claims have been asserted. The Court has not made a determination as to the sufficiency of Plaintiffs' "opt-out" or whether additional conditions must be satisfied before Plaintiffs may maintain their NASD arbitration against Elizabeth Lee Hennessee.

9. On June 19, 2006, Defendant filed an Emergency Motion for Administrative Stay with the NASD. However, as a result of Plaintiffs request for an "expedited" arbitration, on October 5, 2006, the arbitration panel ordered only a ninety day stay, without regard to the Court's resolution of the pending motions. The chairperson also imposed numerous discovery deadlines for January 2, 2007, including Elizabeth Lee Hennessee's last day to serve discovery requests, the last day to respond to Plaintiffs' discovery requests, the last day for Elizabeth Lee Hennessee to produce non-objectionable documents and the last day for her to file a statement of answer. The Chairperson set additional deadlines in February and March for the filing of all motions and has set a date for the final evidentiary hearing.[2]

10. On November 7, 2006, Defendants filed their Motion to Stay this Proceeding and Compel Arbitration of the claims alleged in Plaintiffs' Court Action, highlighting the arbitration agreement binding on the parties, which requires arbitration before the American Arbitration Association ("AAA"), not the NASD. See Defs.' Mot to Stay Proceeding and Compel Arbitration, attached hereto as Exhibit E. This motion also remains pending for the Court.

Under penalties of perjury, I declare that I have read the foregoing and that the facts stated herein are true.

Executed on November <u>8th</u>, 2006

*[signature]*

Matthew Wolper

---

[2] During the course of the pre-hearing conference held on September 28, 2006, the chairperson of the arbitration panel recognized that the "federal court can undo" any action taken in the NASD arbitration.