RECEIVED
MAY 1 5 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TRAVIS CO. J.V.,<br>ROGER C. HILL, SR.,<br>and CHRISTOPHER HILL,<br><br>    Plaintiffs,<br><br>VS.<br><br>HENNESSEE GROUP, LLC, ELIZABETH<br>LEE HENNESSEE and CHARLES J.<br>GRADANTE,<br><br>    Defendants | CIVIL ACTION NO. SA-06-CA-0146-FB |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STAY CLAIMS PENDING ARBITRATION

Defendants Hennessee Group, Charles Gradante and Elizabeth Lee Hennessee ("Defendants") hereby file their Opposition to Plaintiffs' Motion to Stay Claims Pending Arbitration.

### Introduction

1.  On April 24, 2006, Defendants filed their Motion to Stay Proceedings in Light of the Consolidation of All Bayou Related Cases in the Southern District of New York. In support of their Motion to Stay, Defendants attached the April 18, 2006 Order of the Judicial Panel on Multidistrict Litigation ("JPMDL"), transferring four (then pending before the JPMDL) Bayou related lawsuits to Judge Colleen McMahon in the Southern District of New York for, at the very least, pretrial purposes ("Order"). See Def. Mot. to Stay at Ex. A. Although Plaintiffs' lawsuit had not been filed at the time that the motion for centralization was filed with the JPMDL and it was never brought before the JPMDL prior to the entry of its Order, Defendants feel strongly

resp to p_s motion to stay.doc      1



that this case will also be transferred to the Southern District of New York as a "tag along" action, as envisioned by JPMDL Rule 7.4.[1]

2. After learning of the inevitable transfer of this action to the Southern District of New York, Plaintiffs immediately filed an NASD arbitration against Defendant Lee Hennessee, individually, based solely on Lee Hennessee's association with an NASD member firm but completely unrelated to her activities with said firm. Plaintiffs requested a hearing situs in Houston, Texas.

3. The only logical explanation for filing the Statement of Claim against Lee Hennessee with the NASD is that Plaintiffs seek to bifurcate the proceedings in an attempt to add financial burden to Defendants and thwart the jurisdiction of the Southern District of New York. On or about April 25, 2006, days after filing their Statement of Claim with the NASD, Plaintiffs filed their Motion to Stay Claims Pending Arbitration ("Motion"). Plaintiffs' Motion seeks a stay of all claims against Lee Hennessee, pending resolution of the arbitration before the NASD.

4. Plaintiffs' Motion should be denied for the following reasons. First, Plaintiffs are members of a putative class action filed in the district court for the District of Connecticut (and transferred to the Southern District of New York by the JPMDL). NASD Code of Arbitration Procedure Rule 10301(d)(2) provides that claims brought before the NASD are ineligible for arbitration if the claimant is a member of a putative class action and the claimant's claims are "encompassed" within the class action complaint. Second, Plaintiffs have chosen an improper forum in which to initiate an arbitration. Specifically, the parties entered into an Investment Advisory Agreement ("Agreement") which provides for Arbitration before the American

---

[1] JPMDL Rule 7.4 provides, in relevant part, that "[u]pon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1of these Rules, an Order may be entered by the Clerk of the Panel transferring the action to the previously designated district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the panel in the litigation."

Arbitration Association ("AAA"), not the NASD. To the extent that the parties elect to arbitrate this case, the arbitration must take place before the AAA. Finally, the causes of action alleged in the Statement of Claim are unrelated to Lee Hennessee's "activities" with the Bank of New York, an NASD member firm. Although NASD Code of Arbitration Procedure Rule 10301(a) is interpreted broadly to include an associated person's "activities" beyond those which are related to his/her business with the NASD member firm, under the circumstances of this case, the Court should apply a more narrow interpretation of Rule 10301(a) because Plaintiffs filed the NASD arbitration for strategic purposes rather than selecting a proper forum in which to arbitrate their claims.

### The NASD Arbitration Against Elizabeth Lee Hennessee Is Improper Because Plaintiffs' Claims Are Encompassed Within A Putative Class Action

5. NASD Code of Arbitration Procedure Rule 10301(d)(2) states:

> Any claim filed by a member or members of a putative or certified class action is also ineligible for arbitration at the Association if the claim is encompassed by a putative or certified class action filed in federal or state court...However, such claims shall be eligible for arbitration in accordance with paragraph (a) or pursuant to the parties' contractual agreement, if any, if a claimant demonstrates that it has elected not to participate in the putative or certified class action or, if applicable, has complied with any conditions for withdrawing from the class prescribed by the court.

6. On or about November 17, 2005, the Broad-Bussel Family Limited Partnership, Marie Louis Micholsohn, Michelle Micholsohn and Herbert Blaine Lawson, Jr. ("Class Plaintiffs") filed a Class Action Complaint in the District of Connecticut against multiple defendants, including Bayou Group, LLC, Bayou Management, LLC, several Bayou operated hedge funds, Samuel Israel III, Daniel Marino, **Hennessee Group LLC, Charles Gradante, Elizabeth Lee Hennessee** and other individual and corporate defendants ("Class Defendants"). On or about March 6, 2006, the Class Plaintiffs filed an Amended Class Action Complaint

("Amended Class Action Complaint") against the Class Defendants. The allegations in the Amended Class Action Complaint relate to the Class Plaintiffs' investment in various hedge funds managed by Bayou Management, LLC as well as investment recommendations made by Defendants.

7. Although Plaintiffs are not specifically identified in the Amended Class Action Complaint, their claims against Lee Hennessee are "encompassed" in the putative class action. Indeed, the claims against Lee Hennessee in both actions (Plaintiffs' First Amended Complaint and the Amended Class Action Complaint) relate to Hennessee Group's due diligence and hedge fund research processes in connection with its recommendation of the Bayou related hedge funds.

8. All of these claims are "encompassed" in the Bayou class action and are ineligible for NASD arbitration unless Plaintiffs formally elect not to participate in the class action or follow the appropriate procedures to withdraw from class participation. See Liberte Capital Group, LLC v. Capwill, 148 Fed. Appx. 413, 415 (6th Cir. 2005) (finding that if a plaintiff's claims are "encompassed" in a putative class action, they are ineligible for NASD arbitration); Miron v. BDO Seidman, LLP, 342 F. Supp.2d 324, 331-332 (E.D. Penn. 2004) (holding the same); Blyth v. Deutsche Bank AG, No. 04 Civ. 5867, 2005 WL 53281, *3 (S.D.N.Y. Jan. 7, 2005) (holding the same). Until such time as Plaintiffs formally elect not to participate in the putative class action or otherwise withdraw from class participation, Plaintiffs' claims against Lee Hennessee are ineligible for NASD arbitration. See Miron, 342 F. Supp.2d at 331-332.

**The NASD Arbitration Is Improper Because The Investment Advisory Agreement Entered Into Between The Parties Provides For Arbitration Before The American Arbitration Association, Not The NASD**

9. By filing an NASD arbitration, Plaintiffs have completely ignored the Investment

Advisory Agreement ("Agreement") entered into between the parties, which provides, in relevant part, "that disputes arising under this Agreement or, with respect to its interpretation, shall be submitted to arbitration before a panel of three arbitrators selected under the Rules of the **American Arbitration Association** and such arbitration shall be conducted in accordance with the commercial arbitration rules of said association." See Investment Advisory Agreement, attached hereto as Exhibit A (emphasis added). The Agreement does not give Plaintiffs the option of filing an NASD arbitration; thus, the Statement of Claim is *per se* improper.[2] See Volt Information Sciences v. Board of Trustees of the Leland Stanford University, 489 U.S. 468, 109 S. Ct. 1248 (1989) (holding that private arbitration agreements are to be enforced according to their terms); Vera v. Saks & Co., 335 F.3d 109 (2d Cir. 2003) (holding the same); Oldroyd v. Elmira Savings Bank, 134 F.3d 72 (2d Cir. 1998) (holding the same); Luckie v. Smith Barney, Harris, Upham Co., 999 F.2d 509 (11th Cir. 1999) (holding the same).

10.   Plaintiffs may assert that Lee Hennessee, Travis Co. J.V. and Christopher Hill are not signatories to the Agreement and are therefore not bound by (or cannot enforce) the arbitration clause therein. However, this contention is devoid of any merit. The Second Circuit has consistently held that non-signatories are bound by arbitration agreements under general principles of contract and agency law. See Thomson-CSF v. American Arbitration Association, 64 F.3d 773, 776 (2d Cir. 1995) (holding that a non-signatory is bound by an arbitration agreement under the following theories: Incorporation by reference, assumption, estoppel, agency and veil piercing/alter ego); see also Roby v. Corp. of Lloyds, 996 F.2d 1353, 1360 (2d Cir. 1993) (stating that "[c]ourts in this and other circuits consistently have held that employees or disclosed agents of an entity that is a party to an arbitration agreement are protected by that

---

[2] The Agreement also provides for the application of New York law without giving effect to the conflict or choice of law provisions of any state, provided that the Agreement is construed consistent with the Investment Advisors Act, or any rule or order of the Securities and Exchange Commission under the Investment Advisors Act.

agreement").

11.    As a principal, employee and agent authorized to act on behalf of Hennessee Group, Lee Hennesse is bound by and can enforce the arbitration agreement entered into on behalf of Hennessee Group. See Usina Costa Pinto S.A. v. Louis Dreyfus Sugar Co., 933 F. Supp. 1170, 1178 (S.D.N.Y. 1996) (holding that a non-signatory agent can enforce an arbitration clause entered into on behalf of his/her/its principal).

12.    Travis Co. J.V. and Christopher Hill are also bound by the arbitration clause. The Agreement provides:

> This agreement is a non-discretionary investment advisory agreement ("Agreement") between: (a) Mr. Roger Hill; **and all other entities, that may invest in hedge funds, for which Mr. Roger Hill is authorized under the terms of any applicable plan, trust, partnership agreement** or other governing instrument and by any applicable law to retain Hennessee and to make investments in hedge funds…

See Exhibit A at p. 1.

13.    Roger Hill is authorized to (and did) use Travis Co. J.V. as a vehicle in which to invest in hedge funds. Therefore, under the express terms of the Agreement, Travis Co. J.V. is bound by the arbitration clause. With respect to Christopher Hill, Plaintiffs stated in their First Amended Complaint that Christopher Hill "also had a contract with Hennessee Group under which Hennessee Group would perform these same [due diligence] services for him," although recognizing that the contract was unwritten. See First Amended Complaint at p. 8. Without disputing the existence or validity of an implied contract between Hennessee Group and Christopher Hill in this motion, Plaintiffs cannot embrace only the portion of said contract that works to their benefit, i.e., representations regarding the due diligence process, and completely disavow the arbitration clause which requires arbitration before the AAA. Goodridge v. Harvey

Group, Inc., 778 F. Supp. 115, 130 (S.D.N.Y. 1991) (holding that a party cannot disavow those portions of a contract which it finds most odious and utilize only those portions which are beneficial).

14.     Furthermore, Christopher Hill is bound by the arbitration agreement under principals of estoppel because he knowingly and willingly accepted the benefits of the Agreement. See Hickox v. Friedland, No. 01-Civ.2025, 2001 WL 1490696, *9 (S.D.N.Y. Nov. 21, 2001) (holding that a non-signatory was estopped from challenging the arbitration clause when he knowingly accepted the benefit of the agreement containing the arbitration clause); see also Best Concrete Mix Corp. v. Lloyd's of London Underwriters, 413 F. Supp.2d 182, 187 (E.D.N.Y. 2006) (non-signatory was bound by an arbitration clause under principles of estoppel where the non-signatory retained a direct benefit from the agreement containing the arbitration clause and, knowing of said clause, failed to object).

15.     This conclusion is supported by the fact that Christopher Hill is a limited partner of "Travis Co. J.V., Ltd.," one of two general partners of Travis Co. J.V., the Hill family members admittedly utilized Travis Co. J.V. as a vehicle to make investments, including hedge funds, and Christopher Hill now seeks the additional benefit of availing himself of the provision in the Agreement that outlines Hennessee Group's investment advisory services for the purpose of filing this lawsuit. See First Amended Complaint at p. 3. Clearly, Christopher Hill has retained (and continues to retain) a benefit from the Agreement and is therefore estopped from avoiding the specific language of the arbitration clause.

16.     Plaintiffs' may also assert that the arbitration clause is ambiguous and therefore unenforceable. This contention is equally unavailing. To the extent that an ambiguity exists in the arbitration clause, the Supreme Court of the United States has stated that ambiguities should

be resolved in favor of arbitration. See EEOC v. Waffle House, Inc., 534 U.S. 279, 294, 122 S. Ct. 754 (2002); In re American Express Merchants Litigation, No. 03 CV 9592, 2006 WL 662341, *3-4 (S.D.N.Y. Mar. 16, 2006).

### The NASD Arbitration Against Elizabeth Lee Hennessee Is Improper Because The Allegations In The Statement Of Claim Relate To Activities That Are Outside The Scope Of Lee Hennessee's Business With the Bank Of New York

17. In addition to the grounds stated above, the NASD arbitration filed against Lee Hennessee is improper because the allegations in the Statement of Claim relate to "activities" that are outside the scope of Lee Hennessee's business with the Bank of New York. Defendants concede that courts interpret NASD Code of Arbitration Procedure Rule 10301(a) broadly to include "activities" that are not limited to the associated person's activities with an NASD member firm. See California Fina Group, Inc. v. Herrin, 379 F.3d 311, 317 (5th Cir. 2004) (interpreting NASD Code of Arbitration Procedure Rule 10301(a) broadly to include customers who do not necessarily have customer agreements with a member firm). However, under the circumstances of this case, where the abundance of facts establish that Plaintiffs filed the NASD arbitration in an attempt to gain a tactical advantage rather than have their securities claims arbitrated in a proper forum, the Court should apply a more narrow interpretation of the rule.

18. Accordingly, the claims against Lee Hennessee are ineligible for arbitration before the NASD because Plaintiffs' claims are encompassed within a putative class action. Additionally, Plaintiffs' have ignored the plain language of the Agreement which provides for arbitration before the AAA and Plaintiffs' claims against Lee Hennessee are outside the scope of her association with the Bank of New York.

WHEREFORE, because there is no sound basis in which to compel or otherwise refer Lee Hennessee to arbitration before the NASD, Defendants respectfully request that the Court

deny Plaintiffs' Motion to Stay Claims Pending Arbitration and, instead, grant Defendants' Motion to Stay in Light of the Consolidation of All Bayou Related Litigation in the Southern District of New York.

                    Respectfully submitted,

                    Bressler, Amery & Ross, P.C.

By: _____
SEAGAL WHEATLEY
Jenkens & Gilchrist, P.C.
112 East Pecan, Suite 900
San Antonio, Texas 78209
Telephone: 210-246-5000
Fax: 210-246-5999

ELLEN SESSIONS
Jenkens & Gilchrist, P.C.
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Telephone: 210-855-4500
Fax: 214-855-4300

BENNETT FALK
BRIAN AMERY
Bressler, Amery & Ross, PC
Huntington Centre II
2801 SW 149th Avenue
Miramar, FL 33027
Telephone: 954-499-7979
Fax: 954-499-7969

Attorneys for Defendants HENNESSEE GROUP LLC, ELIZABETH LEE HENNESSEE AND CHARLES GRADANTE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record by certified mail, return receipt requested, on this _15_ day of May, 2006.

Marvin G. Pipkin
Kortney Kloppe-Orton
PIPKIN, OLIVER & BRADLEY, LLP
1020 N.E. Loop 410, Suite 810
San Antonio, Texas  78205

_____
SEAGAL WHEATLEY